## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **JUNIPER NETWORKS, INC.,** | ) |
| Plaintiff, | ) |
| **v.** | )    Civil No. 1:07cv1771-PLF |
| **ABDULLAH ALI BAHATTAB**, | ) |
| Defendant. | ) |

## MOTION TO AUTHORIZE SERVICE

Plaintiff, Juniper Networks, Inc. ("Juniper"), respectfully requests that this Court direct Juniper to serve the Complaint in this matter on defendant, Abdullah Ali Bahattab ("Dr. Bahattab"), via electronic mail ("e-mail") and facsimile, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure.

## BACKGROUND

Dr. Bahattab, a resident of Saudi Arabia and the alleged inventor and assignee of the U.S. Patent No. 6,816,457 ("'457 patent"), sued Juniper for infringement of the '457 patent in the Dubai Court of First Instance, located in the United Arab Emirates. (*See* Exhibit 1 to Exhibit A,[1] at 2.) Through his lawsuit in Dubai, Dr. Bahattab is attempting to enforce his United States patent extraterritorially. Thus, an actual controversy exists between Juniper and Dr. Bahattab with respect to the '457 Patent. In response, Juniper filed this instant action on October 3, 2007, against Dr. Bahattab seeking declaratory judgment of invalidity, unenforceability, and noninfringement of the '457 patent. (*Id.* at 1, 3-5.) This Court has jurisdiction over Dr. Bahattab

---

[1] Exhibit A is the Declaration of David L. Cousineau.

pursuant to 35 U.S.C. § 293, since Dr. Bahattab is a United States patentee who does not reside within the United States and who has not made a designation of a resident agent on whom process may be served.  (*Id.*)  The primary purpose of 35 U.S.C. § 293 is "to provide at least one available forum where persons charged with infringement of a United States patent held by a person residing abroad may file an action for a declaratory judgment of invalidity and/or noninfringement." 8-21 CHISUM ON PATENTS § 21.02 (citing *Riker Laboratories, Inc. v. Gist Brocades N.V.*, 636 F.2d 772 (D.C. Cir. 1980)).

Dr. Bahattab is an Assistant Professor of the Computer Technology Department at the College of Telecommunications and Electronics in Jeddah, Saudi Arabia.  (Exhibit 6 to Exhibit A.)  Because Dr. Bahattab lives and works in Saudi Arabia, Juniper submitted an Affidavit Requesting Foreign Mailing by registered mail, return receipt requested on October 5, 2007, and after the Court approved the summons package, sent the summons via registered mail, return receipt requested on October 10, 2007.  (*See* Exhibits 2-4 to Exhibit A.)

Although Juniper sent the summons via the United States Postal Service ("USPS"),  the USPS contracts with Federal Express ("FedEx") to deliver mail abroad.  (Exhibit B[2] at ¶ 3.)  FedEx was unable to deliver the package to Dr. Bahattab because Dr. Bahattab's address contains a post office box.  (*Id*.)  Thus, when the FedEx office in Saudi Arabia received the package it called and spoke with Dr. Bahattab on four occasions.  (Exhibit B at ¶ 7.)  Each time they conversed, Dr. Bahattab either told the FedEx representative that he would contact them later with a delivery address or asked them to hold onto the package for another day.  (*Id.*)  After holding the package for 12 days, FedEx had to return the package to Juniper's counsel.  (*Id.* at ¶¶ 5, 7.)

Although he refused to pick up the package, Dr. Bahattab appears to have notice of Juniper's complaint.  In the case filed against Juniper in Dubai – involving the same patent at issue in this lawsuit – Dr. Bahattab stated in a recent filing that Juniper hired counsel in the

---

[2] Exhibit B is the Declaration of Geneva Eaddy.

United States to bring a lawsuit for invalidity and unenforceability. (Exhibit 5 to Exhibit A, at 3 ("[Juniper] appointed barrister in America to litigate against the plaintiff that he did not take the correct steps to register his invention which results that he has no right in claiming any rights upon such invention").)

Because Dr. Bahattab refused to accept delivery of the Complaint from FedEx, Juniper hired a process server on December 7, 2007 with extensive experience serving Saudi Arabian residents to effectuate service on Dr. Bahattab. (Exhibit B at ¶ 8.)  To date, the process server has not been able to effectuate service upon Dr. Bahattab. (*Id.*)

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 4(f)(3), this Court may direct service "by other means not prohibited by international agreement."  Fed. R. Civ. P. 4(f)(3).  Juniper is aware of no international agreement between the United States and Saudi Arabia prohibiting service by e-mail or facsimile.  As e-mail has become more prevalent, courts have not hesitated to allow service by e-mail, especially when the defendant lives abroad and is avoiding service.  *See, e.g.*, *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1017-1018 (9th Cir. 2002) (concluding that service by electronic mail is "reasonably calculated to apprise [defendant] of the pendency of the action and afford it an opportunity to respond;" "when faced with an international ebusiness scofflaw [and] playing hide-and-seek with the federal court, email may be the only means of effecting service of process"); *Williams v. Advertising Sex LLC*, 231 F.R.D. 483, 488 (N.D.W.V. 2005) ("the Court concludes that service of process by electronic mail is authorized by and warranted under Rule 4(f)(3) of the Federal Rules of Civil Procedure"); *Popular Enterprises, LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 563 (E.D. Tenn. 2004) ("Service of process by e-mail is reasonably calculated to apprize defendant of the pendency of this action and afford it an opportunity to respond."); *see also Philip Morris USA Inc. v. Veles Ltd*, No. 06cv2988, 2007 U.S. Dist. LEXIS 19780, at *5 (S.D.N.Y Mar. 12, 2007) (authorizing service of process via e-mail); *Nanya Tech. Corp. v. Fujitsu Ltd*, No. 06cv25, 2007 U.S. Dist. LEXIS 5754, at *17 (D. Guam Jan. 25, 2007) (affirming order granting service of process via e-

mail); *MPS IP Services Corp. v. Modis Comm., Inc.*, No. 3:06cv270, 2006 U.S. Dist. LEXIS 34473, at *3 (M.D. Fla. May 30, 2006) (authorizing service via e-mail and facsimile).

As described above, Dr. Bahattab resides in Saudi Arabia, has admitted knowledge of this lawsuit through his filing in the Dubai Court of First Instance, and is avoiding service of process as demonstrated by his multiple conversations with FedEx.  Moreover, Juniper's process server has been unable to serve Dr. Bahattab.

Time is of the essence in this proceeding.  In his Dubai lawsuit against Juniper, Dr. Bahattab is using a foreign court to enforce a United States patent extraterritorially.  The Supreme Court of the United States recently confirmed that United States patents only operate domestically.  *See Microsoft Corp. v. AT&T Corp.*, 127 S. Ct. 1746, 1758 (U.S. 2007) ("The traditional understanding that our patent law 'operates only domestically and does not extend to foreign activities,' . . . is embedded in the Patent Act itself, which provides that a patent confers exclusive rights in an invention within the United States.") (quoting Alan M. Fisch & Brent Allen, *The Application of Domestic Patent Law to Exported Software: 35 U.S.C. § 271(f)*, 25 U. PA. J. INT'L ECON. L. 557, 559 (2004)).  Juniper believes that it will convince the Dubai court that it lacks jurisdiction over the action, but cannot be sure of the outcome.  It is thus imperative that Juniper be able to litigate this case in this Court in order to protect itself from an erroneous foreign judgment.

Dr. Bahattab makes his e-mail addresses of abahattab@yahoo.com and abahattab@gmail.com and his facsimile number (+9662 6176783) available publicly on his website.  (*See* Exhibit 6 to Exhibit A (http://DrBahattab.BlogSpot.com).)  Dr. Bahattab updated his website as of August 24, 2007, so the e-mail addresses and facsimile number are current.  *Id.* Furthermore, there is no concern about whether Dr. Bahattab needs a translated copy of the summons; his website is in English and he received his Ph.D in Computer Science from the Illinois Institute of Technology.  *Id.* at 2.  Therefore, Juniper can readily serve Dr. Bahattab via e-mail and facsimile, while protecting Dr. Bahattab's due process rights.

**CONCLUSION**

For the foregoing reasons, Juniper respectfully requests that this Court authorize Juniper to serve Dr. Bahattab via e-mail at abahattab@yahoo.com and abahattab@gmail.com and via facsimile at +9662 6176783.

Respectfully submitted,

Dated: January 2, 2008                    /s/ Jason F. Hoffman
                                                      Alan M. Fisch (DC-453068)
                                                      afisch@kayescholer.com
                                                      Jason F. Hoffman (DC-467827)
                                                      jahoffman@kayescholer.com
                                                      David L. Cousineau (DC-482691)
                                                      dcousineau@kayescholer.com
                                                      KAYE SCHOLER LLP
                                                      The McPherson Building
                                                      901 Fifteenth Street, N.W.
                                                      Washington, D.C.  20005-2327
                                                      (202) 682-3500 Tel.
                                                      (202) 682-3580 Fax.

                                                      Attorneys for
                                                      JUNIPER NETWORKS, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2008, I filed the foregoing Motion to Authorize

Service and the accompanying exhibits via the Court's ECF system.  Because Juniper has been

unable to effectuate service of process of the Complaint upon Dr. Bahattab, and that this motion

seeks leave to do so via e-mail and facsimile, Juniper has not served a copy of this motion on Dr.

Bahattab.


Dated: January 2, 2008                              /s/ Jason F. Hoffman
                                                    Jason F. Hoffman

**Ex. A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUNIPER NETWORKS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:07cv1771-PLF |
| | ) | |
| ABDULLAH ALI BAHATTAB, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DECLARATION OF DAVID L. COUSINEAU
IN SUPPORT OF JUNIPER'S MOTION TO AUTHORIZE SERVICE**

I, David L. Cousineau, hereby declare as follows:

1.     I am admitted to practice before this court and am an attorney at Kaye Scholer, LLP.  I submit this declaration in support of Juniper Networks, Inc.'s ("Juniper's") Motion to Authorize Service.

2.     Attached as Exhibit 1 is a true and correct copy of the Complaint Juniper filed in this docket.

3.     Attached as Exhibit 2 is a true and correct copy of Juniper's Affidavit Requesting Foreign Mailing filed in this docket.

4.     Attached as Exhibit 3 is a true and correct copy of the United States Postal Service GXG International Air Waybill that Kaye Scholer used to send the summons to Dr. Abdullah Ali Bahattab ("Dr. Bahattab").

5.     Attached as Exhibit 4 is a true and correct copy of the United States Postal Service Return Receipt for International Mail that Kaye Scholer used to send the summons to Dr. Bahattab.

6.      Attached as Exhibit 5 is a true and correct copy of a translation, prepared by Juniper's counsel in Dubai, of a filing Dr. Bahattab made in his lawsuit against Juniper in the Dubai Court of First Instance (Case No. 576/2007).

7.      Attached as Exhibit 6 is true and correct copy of a print out of Dr. Bahattab's website (http://drbahattab.blogspot.com/), which I printed on January 2, 2008.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of January 2008.

David L. Cousineau

# Ex. 1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JUNIPER NETWORKS, INC.,** )<br>1194 North Mathilda Avenue, )<br>Sunnyvale, CA 94089 )<br> )<br>  Plaintiff, )<br> )<br>  v. )<br> )<br>**ABDULLAH ALI BAHATTAB,** )<br>College of Telecommunication & Electronics )<br>P.O. Box 50868 )<br>Jeddah 21533 )<br>Saudi Arabia )<br> )<br>  Defendant. )<br> ) | Civil No. _____<br><br>**JURY DEMAND** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Juniper Networks, Inc., files this complaint for declaratory judgment against defendant Abdullah Ali Bahattab and alleges as follows:

### THE PARTIES

1.      Juniper Networks, Inc. ("Juniper") is a Delaware corporation having its principal place of business at 1194 North Mathilda Avenue, Sunnyvale, CA 94089.

2.      Upon information and belief, Defendant Abdullah Ali Bahattab ("Bahattab") is a citizen of Saudi Arabia, currently residing in Jeddah, Saudi Arabia. Upon information and belief, Bahattab is an Assistant Professor of the Computer Technology Department at the College of Telecommunication & Electronics, P.O. Box 50868, Jeddah, 21533 Saudi Arabia. His fax number is: +9662 6176783. His email addresses are abahattab@yahoo.com and abahattab@gmail.com.

3.       Bahattab is the owner and assignee of U.S. Patent No. 6,816,457 ("the '457 Patent") entitled "Predictive Routing Table Cache Population," which issued November 9, 2004. A copy of the '457 Patent is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

4.       This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that it involves substantial claims arising under the United States Patent Act, 35 U.S.C. § 1 *et. seq.*

5.       This Court may declare the rights and other legal relations of the parties pursuant to the Federal Declaratory Judgments Act, 28 USC §§ 2201 and 2202, because there is a case of actual controversy within the Court's jurisdiction to provide a declaratory judgment that the '457 Patent is invalid, unenforceable, and not infringed.

6.       Personal jurisdiction exists over Bahattab pursuant to 35 U.S.C. § 293 because Bahattab is a United States patentee who does not reside within the United States and who has not made a designation of a resident agent on whom process may be served.

7.       Venue is proper in this Court pursuant to 28 U.S.C. § 1391(d).

## THE PRESENCE OF AN ACTUAL CONTROVERSY

8.       On May 14, 2002, Bahattab sent an email to Juniper Networks (Middle East) introducing himself and the invention behind the '457 Patent.

9.       On January 29, 2005, Bahattab sent Juniper Networks (Middle East) an email threatening to sue Juniper Networks (Middle East) for infringement of the '457 Patent. (*See* Exhibit B.)  Juniper Networks (Middle East) is the operating name of Juniper Networks Ireland Limited, which is a wholly owned subsidiary of Juniper.

10.      On May 30, 2005, Bahattab's counsel sent a letter to Juniper's General Counsel asserting that Juniper's JUNOS product may infringe the '457 Patent. (*See* Exhibit C.)

11.      On April 18, 2007, Bahattab filed an action in the Dubai Court of First Instance (Case No. 291/2007), against Juniper Networks (Middle East) asserting that Juniper Networks

(Middle East) manufactures, uses and sells products that infringe at least one claim of the '457 Patent (the "Dubai Litigation").  (*See* Exhibit D.)

12.     In the Dubai Litigation and the letters he sent to Juniper, Bahattab has alleged ownership and control of the '457 Patent.

13.     Therefore, an actual controversy exists between Juniper and Bahattab with respect to the '457 Patent.  Juniper reasonably believes that Bahattab intends to impact Juniper's business activities.

## COUNT I
## DECLARATORY JUDGMENT OF INVALIDITY

14.     The allegations of paragraphs 1 through 13 are incorporated by reference as if fully set forth herein.

15.     Each of the claims of the '457 Patent is invalid for failure to satisfy the provisions of sections 102 and 103 of Title 35 of the United States Code.

16.     On information and belief, each of the claims of the '457 Patent is invalid for failure to include all the inventors on the patent application, pursuant to 35 U.S.C. §§ 102(f) and 116.

## COUNT II
## DECLARATORY JUDGMENT OF UNENFORCEABILITY

17.     The allegations of paragraphs 1 through 16 are incorporated by reference as if fully set forth herein.

18.     On information and belief, the '457 patent is unenforceable due to inequitable conduct because Bahattab failed to disclose to the U.S. Patent and Trademark Office information known to him that was material to the patentability of the claimed invention, all with an intent to deceive the Patent Office.

19.     On information and belief, Bahattab intentionally misrepresented and failed to disclose all of the inventors of the '457 patent to the Patent Office during the patent prosecution process.

- 4 -

20.     Bahattab published a paper with three other authors, Bohdan Bodnar, George

Kraft, and Martha Evens, titled "Predicting IP addresses to speed up routing lookup"

("Predicting IP Addresses") at the 2000 Advanced Simulation Technologies Conference, which

took place on April 16-20, 2000.

21.     "Predicting IP Addresses" was published two months prior to the date on which

Bahattab filed his initial application for the '457 patent.

22.     "Predicting IP Addresses" discloses the same subject matter as the '457 patent.

23.     Bahattab did not identify or disclose the other three authors of "Predicting IP

Addresses" to the Patent Office.

24.     The Patent Office issued the '457 patent on the basis that all of the inventors had

been named.

25.     At the time of the aforesaid acts, Bahattab was aware of his duty of candor and

good faith owed to the Patent Office under 37 C.F.R. § 1.56 during the prosecution of the '457

patent.

26.     On information and belief, in doing the aforesaid acts, Bahattab violated the duty

of candor and good faith, and did so with an intent to mislead or deceive the Patent Office as to

the existence of other inventors of the '457 patent.

27.     As a result of the foregoing inequitable conduct, the claims of the '457 patent are

unenforceable.

### COUNT III
### DECLARATORY JUDGMENT OF NONINFRINGEMENT

28.     The allegations of paragraphs 1 to 27 are incorporated by reference as if fully set

forth herein.

29.     Juniper has not directly infringed, contributed to the infringement, or actively

induced infringement of any claim of the '457 Patent, nor has it otherwise committed any acts of

infringement on any rights of Bahattab.

30.    Juniper seeks a declaration of noninfringement with respect to its activities and the '457 patent.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Juniper prays that:

A.    The Court declare invalid each of the claims of the '457 Patent;

B.    The Court declare the '457 Patent unenforceable;

C.    The Court declare that Juniper has not directly infringed, contributed to the infringement, or actively induced infringement of any claim of the '457 Patent, nor has it otherwise committed any acts of infringement on any rights of Bahattab;

D.    The Court issue an injunction against Bahattab and anyone acting in privity or concert with Bahattab from charging infringement or instituting any legal action for infringement of the '457 Patent against Juniper or anyone acting in privity with Juniper, including the divisions, successors, assigns, agents, suppliers, manufacturers, contractors and customers of Juniper;

E.    Juniper be awarded its costs in this action;

F.    Juniper be awarded its attorneys fees pursuant to 35 U.S.C. § 285; and

G.    Juniper be awarded such other and further relief as this Court deems is just and proper.

## DEMAND FOR A JURY TRIAL

Juniper hereby demands a trial by jury in this action.

- 6 -

Respectfully submitted,

*Alan M. Fisch*

Alan M. Fisch (DC-453068)
afisch@kayescholer.com
Jason F. Hoffman (DC-467827)
jahoffman@kayescholer.com
David L. Cousineau (DC-482691)
dcousineau@kayescholer.com
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, N.W.
Washington, D.C.  20005-2327
(202) 682-3500 Tel.
(202) 682-3580 Fax.

Dated: October 3, 2007

Attorneys for
JUNIPER NETWORKS, INC.

**Ex. 2**

CO 226
Rev. 4/06

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JUNIPER NETWORKS, INC.

_____
Plaintiff(s)

vs.                                                        Civil Action No.: 1:07cv1771-PLF

ABDULLAH ALI BAHATTAB

_____
Defendant(s)

## AFFIDAVIT REQUESTING FOREIGN MAILING

I, the undersigned, counsel of record for plaintiff(s), hereby request that the Clerk mail a copy of the summons and complaint (and notice of suit, where applicable) to (list name(s) and address(es) of defendants):

ABDULLAH ALI BAHATTAB
College of Telecommunication & Electronics
P.O. Box 50868
Jeddah 21533
Saudi Arabia

by: (check one)        ☑     registered mail, return receipt requested
                       ☐     DHL
pursuant to the provisions of: (check one)
                       ☑     FRCP 4(f)(2)(C)(ii)
                       ☐     28 U.S.C. § 1608(a)(3)
                       ☐     28 U.S.C. § 1608(b)(3)(B)

I certify that this method of service is authorized by the domestic law of (name of country):
Saudi Arabia
_____, and that I obtained this information by contacting the Overseas Citizens Services, U.S. Department of State.

_____
(Signature)

Jason F. Hoffman
Kaye Scholer LLP
901 Fifteenth Street, N.W.
Washington, DC 20005

(Name and Address)

# Ex. 3

**FedEx** Express

International delivery by FedEx Express

**GLOBAL EXPRESS GUARANTEED ®**

UNITED STATES POSTAL SERVICE ®

**GXG International Air Waybill**

07CV1771 PLF

**1 From** *Please print and press hard.*

Date October 5, 2007

Sender's Name Jason F. Hoffman    Phone (202) 682-3531

Company Kaye Scholer LLP

Address 901 Fifteenth Street NW

Address Suite 1100

City Washington    State DC

Country United States    ZIP Code® 20005

**2 To**

Recipient's Name Abdullah Ali Bahattab 9662-6769

Company College of Telecommunication

Address & Electronics    Dept/Floor

Address P.O. Box 50868    State/Province

City Jeddah 21533    ZIP Code™ / Postal Code

Country Saudi Arabia

Recipient's Tax ID Number for Customs Purposes (if applicable)

**3 Shipment Information**

Specific Description Including Number of Each Item
(and Harmonized code if known) REQUIRED

Legal Documents

☒ Documents
Correspondence and
printed matter.

☐ Non-Documents
All other items. Recipient may be required to pay import
duties and taxes. Recipient may be subject to inspection.

Value for Customs (US $) REQUIRED

$1.00

Country of Manufacture

US

Total Value for Customs
US $ 1.00

WARNING: These commodities, technology, or software were exported from the United States in
accordance with Export Administration Regulations. Diversion contrary to U.S. law prohibited.

**4 Required Signature**

I/We agree that to the USPS terms and conditions (on the back of the Sender's Copy of this Air Waybill and in the Global Express Guaranteed
Service Guide) and certain international treaties, including the Warsaw Convention, where applicable, apply and limit the liability of USPS
and FedEx for loss and damage. I/We understand that USPS and FedEx DO NOT TRANSPORT CASH. I/We certify that this package does
not contain any hazardous or Extended materials published by applicable federal regulations and does not require the use of Electronic
Information (EEI) (formerly Shipper's Export Declaration/SED), and that the particulars given in the Shipment Information section are as
correct. Submission of false information may result in civil or criminal penalties (18 USC 1001, 31 USC 3802).

Sender's Signature

Date In 10 10 03 3.25    Time In    ☐ AM ☐ PM    Scheduled Delivery Date 10/13 07 20013 WK

Dimension in Inches (Non-Document Shipments)    Weight    lbs.  96  kgs  9300    Insurance Fee  9300

_1 / 1_    Packaging ☐ GXG Envelope or Pak  ☐ Box  ☐ Envelope  ☐ Other

Customer Packaging

8982 6898 9470

USPS Tracking Number  826989470

For tracking go to the USPS Web site at
www.usps.com/shipping/trackandconfirm.htm
or call 1.800.222.1811.

PART 100058
Item 1:07 11:11
PRINTED IN U.S.
Version 22.1, 4/2009

PK ZIP (nl) Code 20013 WK

Employee Initials WK

Total (Print-out) $ 9300

Employee No.

**Sender's Copy**

```
GXG Transaction Summary
```

SA Saudi Arabia
Destination City: Jeddah
Transit days: 3
Delivery Date at Destination: OCT 13, 2007
- Not Guaranteed
Cutoff Time: 17:00
Non-Delivery Days: FRI

```
MARTIN LUTHER KING JR PO
WASHINGTON, District of Columbia
            200439998
        1050050238 -0095
10/10/2007    (202)523-2001      04:15:36 PM
```

| Sales Receipt | | | |
|---|---|---|---|
| Product Description | Sale Qty | Unit Price | Final Price |

Saudi Arabia - Global Express              $93.00
Guaranteed
  9.10 oz.
  Label #:      8268989470
  City: Jeddah
  Delivery at Destination: Saturday,
  October 13 - Not Guaranteed.
  To inquire about your shipment, go to
  www.usps.com and enter your tracking
  number in the 'Track & Confirm' box on
  the right side of the screen, or call
  1-800-222-1811.
  No money-back delivery guarantee for
  articles mailed to post office boxes.

Customer Postage                          -$93.00
  Subtotal:                                 $0.00

Total:                                      $0.00

Paid by:

Order stamps at USPS.com/shop or call
1-800-Stamp24.  Go to USPS.com/clicknship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.

Bill#: 1000502984981
Clerk: 18

    All sales final on stamps and postage.
    Refunds for guaranteed services only.
       Thank you for your business.
*********************************************
*********************************************
    HELP US SERVE YOU BETTER

    Go to: http://gx.gallup.com/pos

   TELL US ABOUT YOUR RECENT
        POSTAL EXPERIENCE

      YOUR OPINION COUNTS
*********************************************
*********************************************


            Customer Copy

# Ex. 4



**UNITED STATES POSTAL SERVICE®**

**Return Receipt for International Mail**
*(Registered, Insured, Recorded Delivery, Express Mail)*

Administration
des Postes des
Etats-Unis
d'Amérique

*Par Avion*

Postmark of
the office
returning the
receipt
Timbre du
bureau
renvoyant
l'avis

Return by the
quickest route
(air or surface
mail), a découvert
and postage free.

A renvoyer par
la voie la plus
rapide (aérienne
ou de surface),
à découvert et
en franchise de
port.

The sender completes and indicates the address for the return of this receipt.
*(A remplir par l'expéditeur, qui indiquera son adresse pour le renvoi du présent avis.)*

Name or Firm *(Nom ou raison sociale)*
Jason F. Hoffman, Kaye Scholer LLP

901 Fifteenth Street NW  Suite 1100
Street and Number *(Rue et no.)*
Washington, DC 20005
City, State, and ZIP + 4 *(Localité et code postal)*

**UNITED STATES OF AMERICA**        Etats-Unis d'Amérique

PS Form 2865, February 1997    *Avis de réception*        **CN07** *(Old C5)*

| Item Description (Nature de l'envoi) | Registered Article (Envoi recommandé) | Letter (Lettre) | Printed Matter (Imprimé) | Other (Autre) | Recorded Delivery (Envoi à livraison attestée) | Express Mail International |
|---|---|---|---|---|---|---|

| Insured Parcel (Colis avec valeur déclarée) | Insured Value (Valeur déclarée) | Article Number |
|---|---|---|

| Office of Mailing (Bureau de dépôt) | Date of Posting (Date de dépôt) |
|---|---|

**Addressee Name or Firm (Nom ou raison sociale du destinataire)**

Jason F. Hoffman, Kaye Scholer LLP

**Street and No. (Rue et No.)**

901 Fifteenth Street NW Suite 1100

**Place and Country (Localité et pays)**

Washington, DC 20005 United States

The receipt must be signed by: (1) the addressee; or, (2) a person authorized to sign under the regulations of the country of destination; or, (3) if those regulations so provide, by the employee of the office of destination. This signature will be returned to the sender by the first mail.

☐ The article mentioned above was duly delivered.
(L'envoi mentionné ci-dessus a été dûment livré.)

| Date | Postmark of the office of destination (Timbre du bureau de destination) |
|---|---|

| Signature of Addressee (Signature du destinataire) | Office of Destination Employee Signature (Signature de l'agent du bureau du destination) |
|---|---|

PS Form 2865, February 1997 (Reverse)

# Ex. 5

# Dubai court of First Instance

## Case No. 576/2007 Civil - Three Bench Court

**Plaintiff: Abdullah Bin Ali Bahatab**
Represented by: Aref Al Tarify Al Shamsi


**Against**


**The defendant: Juniper Networks Middle East**
Represented by: attorneys: Sami Al Midfa & Khalid Abdul Wahab


## Defense


**First:** In order to no repeating ourselves, the plaintiff adhere to his pleadings and documents previously submitted which supporting the correctness of his case.


**Second**: In reply to the defendant's pleading dated 20/09/2007, we would like to mention the followings: -


### 1- In law and the scope of the legal protection:

According to Article (2) of Law No. 40 of 1992 concerning the protection of the Intellectual Property and copyrights "Whom shall enjoy the protection determined by this law are ........................etc.
And the protection of the intellectual properties shall be including: -
(H) Cinematic, televisual and broadcasting works creative audio-visual works and computer programs".

In addition, and in accordance with the stipulation of the Decree No. 84 of 1998, Article one therein, concerning join of the State to Patent Cooperation

Treaty and its by-law which made in Washington on 19/06/1970 and amended on 2/10/1979 until 03/02/1984 and its by-law being executed on 01/01/1996.

Article (3) therein stipulates **"Applications for the protection of inventions in any of the contracting States may be filed as international application under this Treaty".**

Accordingly, and as it is determined by the documents of the plaintiff and Patent Registration Certificate in particular, the plaintiff have taken all the required steps to issue such certificate and his invention was referred to and examined by the examiners mentioned thereof in accordance with Articles (15) and henceforth of the articles of the treaty mentioned previously which United Arab Emirates became member to it by virtue of the abovementioned decree.

2- Article (15) of Law No. 17 of the year 2002 concerning the protection of the industrial property of industrial patents, drawings and models stipulates that "A patent shall entitle its owner ...........................etc, and the owner of the patent shall be entitled, if the subject of the patent is creating the right, to prevent the other who did not obtained his consent from manufacture, use, offer for sale, sell and importing for such purpose.

And if the subject of the patent is industrial works, then he/she shall have the right to prevent the others who did not obtained his/her consent from using the method and from using the product which comes directly as a result form such method and from offering it for sale, sell and importing for such purpose.

And whereas it is determined by the Registration Certificate that the invention is granted a patent certificate and such patent has been registered in his name and the Registration Certificate includes all the details of the invention which was used by the defendant without the consent and the awareness of the plaintiff as they exploited their awareness about the details of the invention when it was offered to them and decided that it is unbeneficial and then the plaintiff was surprised after while and by coincidence that his invention was used completely and they manufactured it and gained outcome estimated by millions due to such usage and production

without obtaining the consent of the plaintiff, and there is no other way for the court to find out the truth in such case unless it refers the case to expert to be enlightened by their opinion which shall comply with the plaintiff's demands of the case.


**Third:** evidencing the rightness of the case:

The best evidence regarding the rightness of the plaintiff's case is what was mentioned in the reply of the defendant that the plaintiff did not prove that he has an invention. while it is the only one who has seen the details of the invention as determined by the e-mail previously submitted which sent from Mr. Chris Moor – the regional sales manager of the defendant and moreover, the defendant appointed barrister in America to litigate against the plaintiff that he did not take the correct steps to register his invention which results that he has no right in claiming any rights upon such invention, which is proving the rightness of the plaintiff's case. This barrister sent an e-mail to the plaintiff evidencing the existence of the invention.


And whereas the defendant is submitting a completed copy of the original patent hence, such submission will prove the rightness of his case and the despairing trials of the defendant to abandon its obligations towards the plaintiff which caused physical and moral damages for him.


### Therefore

The plaintiff hereby demands
**Originally:** To render a judgment with his demands mentioned in his initial pleading

**Alternatively:** the summons Mr. Chris Moor – the regional sales manager to be questioned about whether there is a letter sent from him to the plaintiff or not.


With all respect

By the power of attorney/ Arif Al Tarify Al Shamsi

# Ex. 6

|SEARCH BLOG|| FLAG BLOG| Next Blog»                    Create Blog | Sign In

# Dr. Abdullah Bahattab

## Blog Archive
▼ 2007 (3)
  ▼ August (3)
    Dr. Abdullah Bahattab

## About Me
DR. ABDULLAH
BAHATTAB
View my complete profile

FRIDAY, AUGUST 24, 2007



Posted by Dr. Abdullah Bahattab at 6:10 AM   0 comments



Posted by Dr. Abdullah Bahattab at 6:07 AM   0 comments

## Dr. Abdullah Bahattab

ABDULLAH ALI BAHATTAB
Assistant professor of the Computer Technology Department
College of Telecommunication & Electronics
P.O. Box 50868
Jeddah, 21533 Saudi Arabia
Fax: +9662 6176783
E-mail: abahattab@yahoo.com
abahattab@gmail.com

Education:
· Ph.D. degree in Computer Science (Computer Networks), Illinois
Institute of Technology, Chicago, IL, July 2000.
- Thesis title "Predicting the IP addresses to Speedup Routing Look up",
July 2000, Advisers: Martha Evens, Bohdan Bodnar, and George Kraft.
· MS. degree in Computer Science, Western Michigan University,
Kalamazoo, MI, April 1995.
· BS. degree in Computer Science, King Abdulaziz University, Jeddah,
Saudi Arabia, May 1989.

Supplementary
Education:
· Training course for "Deans Management ", City College Brighton and
Hove, Brighton, UK, July 2006.
· Training course for "Active Manager in a Workgroup environment",
IPA, Riyadh, Saudi Arabia, March 2006.
· Training Course for "Strategic Planning", IPA, Jeddah, Saudi Arabia,
Jan. 2006.
· Hands-On training for "Network Security", Zoom Technologies,
Hyderabad, India, July 2004.
· Hands-On training for "CCNA", Zoom Technologies, Hyderabad, India,
July 2004.
· Hands-On training for "MCSE ", Zoom Technologies, Hyderabad,
India, July 2004.
· CCIA Semester2, Telecommunication and Information College,
Riyadh, Saudi Arabia, Sept. 11, 2003.
· CCIA Semester1, Telecommunication and Information College, Riyadh,
Saudi Arabia, 2002.
· Hands-On training for "Local Area Network", Madinah College of
Technology, Madinah, Saudi Arabia, August 2001.
· Completion of a course of study in Frame Relay: technology and
applications, Business Communication Review (BCR), Chicago, IL, Nov.,
1996.
· Completion of a course of study in System analysis & design, Computer
Center, King Abdulaziz University, Jeddah, Saudi Arabia, March 1990.
· English Program at University of South Carolina, 1992-1993.

Experience:
· Head of IT Committee at Jeddah Champers of Commerce, Jan 1, 2007 -
present.
· College Dean, College of Telecomm. and Electronics, Jeddah, July 2,
2005 – June 11, 2007.
· Member of the board of Computer Club (Female) for Ministry of
Education, Jeddah, March 2005 – Dec. 2006.
· Member of the board of Computer Club (Male) for Ministry of
Education, Jeddah, Dec. 2002 – Dec. 2006.
· Member of the board of the Saudi Computer Society in the Kingdom of
Saudi Arabia, Jan 2005- present.
· Chairman of the Saudi Computer Society at Jeddah, June 2002-
present.
· Member of High Committee of Cooperation Industrial Training,
Gotevot, 2002 - present.
· Editor member of International refereed Journal "Journal of
Technology Research" published by GOTEVOT, Oct. 20, 2004 – present.
· Deputy Dean for Education and Training, College of Telecomm. and
Electronics, Jeddah, Nov. 6, 2002 – Oct. 23, 2004.
· Adjunct Assistant professor of the IT department at Arab Open

University, Jeddah, 1425.
· Manager of Computer & Information Center, College of Telecomm. and
Electronics, Jeddah, Jan. 2001 – June 2004.
· Manager of Registrar's office, College of Electronic Technology,
Jeddah, Jan. 2001 – June 2003.
· Chairman of Computer Technology Department at the College of
Electronic Technology, Jeddah, Saudi Arabia, Jan 2001 – Sept. 2003.
· Research Intern, Argonne National Laboratory, Argonne, IL, August
1997 – Nov. 1997.
- IP over SONET.
· 1995-2000, Ph.D. candidate at Illinois Institute of Technology.
· 1993-1995, MS. at Western Michigan University.
· 1990-1992, Teacher and Manager of the Computer Center at the
College of Technology, Jeddah, Saudi Arabia.
· 1989-1990, Programmer at National Commercial Bank, Jeddah, Saudi
Arabia.
Academic Visits:
· Visiting universities and technical colleges, New Zealand, Sept. 2005.
Publications:
· Jemni, M., Bahattab, A., "A collaborative approach for development of
Arabic courses for e-learning, A case study of Tunisian-Saudi Arabian
experience" IEEE Learning Technology Newsletter, Vol. 7, Issue 2, April
2005
· Bahattab "The proposed Plan for student's admission at Universities
using the Internet", a letter presented at standards and procedures of
admissions at universities conference, Kuwait, Dec. 14-15, 2002.
· Bahattab, A., Bodnar, B., Kraft, G., Evens, M., "Producing a high hit
ratio and a low search time in forwarding routing tables by predicting IP
addresses", IEEE GLOBECOM 2002 Conference, High Speed Networks
Symposium, Nov. 17-21, 2002, Taiwan, Taipei.
· Bahattab, Al-Khateeb, "International Standards for ISPs", Arabic
Systems and Information Technology Society, standards for system and
information technology conference, Oct. 29-31, 2002, Cairo, Egypt.
· Bodnar, B., Bahattab, A., Kraft, G., Evens, M., "Predicting IP addresses
to speed up routing lookup", 2000 Advanced Simulation Technologies
Conference. Proceedings of the Applied Telecommunication
Symposium, April 16-20, 2000, pp.207-213, Washington D C., USA.

Patent-Approved:
· "Predictive routing table cache population", provisional patent
application is filed on June 2, 2000, the non-provisional patent
application is filed on August 7, 2000, and approved Nov. 2004.
http://www.uspto.gov/patft/index.html, Patent No. 6,816,457, patent
office Washington D.C. USA.
Patent- Pending:
· "Routing once and Cross-connect Many", provisional patent
application is filed on Oct. 2007 at patent office Washington D.C. USA.
Books:
· "Mobile Maintenance", Bahattab, A., Alssamman, A., Jadallah, E., first
edition, deposit No. 2003/1426, Kink Fahad National Library, 9960-47-
727-4, 3/1426.
Projects:
· Manager of "Voice over IP" project, Gotevot, 1424.
· Member of the consultant team of the "Establishing the Data Center
and High speed LAN" project, Ministry of girls Education, 1423.
· Simulation of High-level Data Link Control (HDLC) Protocol using C
programming language.
· Designing a Packet-switched network (x.25) using SIMNET package.
· Simulation of cache replacement algorithms for routers (FIFO, LRU,

Round Robin, Random) using C programming language.
Conferences,
Seminars &
Workshops:
· IEEE GLOBECOM 2002 Conference, High Speed Networks
Symposium, Taiwan, Taipei Nov. 17-21, 2002.
· 2000 Advanced Simulation Technologies Conference, Washington
D.C., USA, April 16-20, 2000.
· Networking in a New Light: Extending Fiber Beyond the Backbone, 3M
Volition , Chicago, IL, May 5, 1999.
· Enabling Intelligent Networks, Cisco seminar series, Chicago, IL, June
24, 1998.
· Fueling and Controlling High-Speed Networks, XYLAN Technology
Workshop, Chicago, IL, May 27, 1998.
· Simplifying Network Management, Cisco seminar series, Chicago, IL,
May 20, 1998.
· Security Solutions, Cisco seminar series, Chicago, IL, April 15, 1998.
· Untangling Layer 3 Switching, Cisco seminar series, Brookfield, WI,
April 14, 1998.
· Planning for High Speed Token Ring, NetworkWorld Town Meeting,
Chicago, IL, April 1, 1998.
· Frame Relay Migration, RACAL, Chicago, IL, Nov. 15, 1997.
· Telecommunication & Internet Access Seminar, ASCEND, Chicago, IL,
Oct. 10, 1997.


Relevant Skills:
· Client-Server Computing: IP routing.
· Operating Systems: Both from a user viewpoint and internals
viewpoint: MS-DOS, Win95, Win98, and Linux 1.2.8.
· Installations: User environment: Linux 1.2.8, Novell 4.11, Win NT4,
Win3.x, Win95, Win98, and Win XP.
· Programming Languages: C, Perl, HTML, Pascal, COBOL, FORTRAN-
77, Assembly (on PCs), and Clipper (for Database).
· Packages: Visio 2002, MATLAB, SIMNET (for designing networks),
Microsoft Office 2000: Word, PowerPoint, FrontPage.

Posted by Dr. Abdullah Bahattab at 4:13 AM   0 comments


Subscribe to: Posts (Atom)

# Ex. B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JUNIPER NETWORKS, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:07cv1771-PLF |
| | ) | |
| **ABDULLAH ALI BAHATTAB,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DECLARATION OF GENEVA EADDY**
**IN SUPPORT OF JUNIPER'S MOTION TO AUTHORIZE SERVICE**

I, Geneva Eaddy, hereby declare as follows:

1.      I am employed by Kaye Scholer, LLP ("Kaye Scholer") and am legally competent to execute this document.  All of the facts contained herein are based on my personal knowledge and if called to testify I would testify consistently with the facts contained herein.

2.      On October 10, 2007, Kaye Scholer sent the summons in this case to defendant Abdullah Ali Bahattab ("Dr. Bahattab") through the United States Postal Service ("USPS"), registered mail, return receipt requested.

3.      Although we sent the summons via USPS, USPS contracts with Federal Express ("FedEx") to deliver mail abroad.  Just like in the United States, however, FedEx cannot deliver to post office boxes in Saudi Arabia.  Because the only address we had for Dr. Bahattab was the one listed on his website, which was a post office box in Jeddeh, Saudi Arabia, FedEx could not deliver the package to Dr. Bahattab.

4.      When the FedEx office in Jeddeh received the package, it contacted Mr. Jason Hoffman who is an attorney at Kaye Scholer.  Subsequent to this initial contact, I also spoke with FedEx about delivering the package.  Mr. Hoffman and I provided the FedEx office with all the

additional information we had for Dr. Bahattab, including the e-mail addresses and facsimile number listed on his website. Mr. Hoffman and I remained in regular contact with FedEx while they attempted to deliver the package to Dr. Bahattab.

     5.     FedEx explained to me that they are only allowed to hold packages in Saudi Arabia for five days. In an extraordinary attempt to deliver the package, FedEx held the package for 12 days before returning it to Kaye Scholer.

     6.     On December 13, 2007, I asked FedEx for a summary of their attempts to deliver the package to Dr. Bahattab. FedEx maintains a log of all such attempts and all their contacts with Dr. Bahattab, but their company policy is not to provide the written summary. Instead, FedEx provided me orally with the information in the written summary.

     7.     According to the FedEx representative I spoke with – Karen Holness – the Jeddeh FedEx office received the package on October 22. After receiving Dr. Bahattab's contact information from Mr. Hoffman, Mr. H. Zahid from FedEx spoke with Dr. Bahattab on October 23, at which time Dr. Bahattab said he would call back with a non-post office box delivery location. On October 28, FedEx left a message with Dr. Bahattab and on October 29, FedEx e-mailed him. On October 30, Mr. H. Zahid spoke with Dr. Bahattab who again said he would call back with information. On October 31 and November 1, Dr. Bahattab asked the FedEx office to hold the package for another day. On November 3, FedEx had to process the package as undeliverable.

     8.     Because we were unable to effectuate service through FedEx, on December 7, 2007, we hired a process server with extensive experience in serving Saudi residents. As of today, he has been unable to serve Dr. Bahattab.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 2nd day of January 2008.

_____
Geneva Eaddy

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JUNIPER NETWORKS, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **v.** ) | Civil No. 1:07cv1771-PLF |
| ) | |
| **ABDULLAH ALI BAHATTAB**, ) | |
| ) | |
| Defendant. ) | |

## <u>ORDER</u>

Upon consideration of Juniper Networks, Inc.'s ("Juniper") Motion to Authorize Service, it is hereby ORDERED that Juniper shall serve the summons and complaint in this case on Abdullah Ali Bahattab via e-mail at abahattab@yahoo.com and abahattab@gmail.com and via facsimile at + 9662 6176783.

Date: _____

_____
PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE