UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **JUNIPER NETWORKS, INC.**, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **ABDULLAH ALI BAHATTAB**, ) <br> ) <br> ) <br> Defendant. ) <br> ) | Civil No. 1:07cv1771-PLF |

**JUNIPER'S MOTION FOR LEAVE TO FILE AN ADDITIONAL DECLARATION
IN SUPPORT OF ITS MOTION TO AUTHORIZE SERVICE**

Plaintiff Juniper Networks, Inc. ("Juniper") respectfully requests that the Court accept for filing an additional declaration in further support of Juniper's motion to authorize service of the complaint via electronic mail and facsimile. (Docket No. 7.) Juniper recently received the Declaration of Cara LaForge ("LaForge Declaration," attached hereto as Exhibit 1), which details the extraordinary steps taken by the process server in attempting to effectuate hand-service on the defendant, Dr. Abdullah Ali Bahattab ("Dr. Bahattab").

As Ms. LaForge explains in her declaration, Juniper hired her company, Legal Language Services ("LLS") to serve Dr. Bahattab. (Exhibit 1 at ¶¶ 2-3.) LLS routinely effectuates service of process abroad, including in Saudi Arabia. (*Id.* at ¶ 2.) Although personal service is available in Saudi Arabia, it is difficult and often dangerous. (*Id.* at ¶ 5.) LLS hired an English agent, Jamie Withers of Priority Investigations Ltd. ("Priority") to hand-serve Dr. Bahattab. Both Mr. Withers and Priority have extensive experience serving process on defendants in the Middle East. (*Id.* at ¶ 7.)

Because the Saudi Embassy only issues travel visas after a sponsor within Saudi Arabia requests such a visa, and often only after the Ministry of Foreign Affairs clears the traveler,

Priority has a Saudi contact who agrees to sponsor their agents when they need to obtain entry visas. (*Id.*) Mr. Withers applied for his visa in mid-December and instructed a Saudi subcontractor to inquire about Dr. Bahattab's whereabouts. (*Id.* at ¶¶ 7-8.) The Saudi subcontractor visited the college where Dr. Bahattab works, but the guards would not allow him on the campus. (*Id.* at ¶ 8.) Between December 17, 2007 and January 2, 2008, the subcontractor called Dr. Bahattab and returned to the College on numerous occasions, but was unable to make contact. (*Id.* at ¶¶ 8-9.) During this time, the guards at the College became increasingly hostile. (*Id.* at ¶ 9.)

Meanwhile the Saudi Embassy denied Mr. Withers' entry visa. (*Id.* at ¶ 10.) A colleague of Mr. Withers in Dubai then applied for a visa, with the hope that he would be permitted entry as a religious pilgrim, but his visa was also denied. (*Id.* at ¶ 11.) Turning to another resource, Mr. Withers then asked the Saudi subcontractor if he would effectuate service on Dr. Bahattab. (*Id.* at ¶ 12). The subcontractor refused because he faced a serious risk of being targeted if terrorist organizations saw him entering the United States Embassy to order to sign an affidavit of service. (*Id.*) Indeed, terrorist organizations photograph and mark as Western sympathizers individuals who enter the United States Embassy. (*Id.*)

Juniper respectfully requests that the Court accept for filing the LaForge Declaration in further support of its motion to authorize service. Because Priority's agents have been unable to enter Saudi Arabia and because their contact in Saudi Arabia faces a legitimate threat if he serves process on Dr. Bahattab, Juniper respectfully requests that the Court grant Juniper's pending motion to authorize service on Dr. Bahattab via electronic mail and facsimile.

- 3 -

                        Respectfully submitted,

Dated: January 18, 2008           /s/ Jason F. Hoffman
                                          Alan M. Fisch (DC-453068)
                                          afisch@kayescholer.com
                                          Jason F. Hoffman (DC-467827)
                                          jahoffman@kayescholer.com
                                          David L. Cousineau (DC-482691)
                                          dcousineau@kayescholer.com
                                          KAYE SCHOLER LLP
                                          The McPherson Building
                                          901 Fifteenth Street, N.W.
                                          Washington, D.C.  20005-2327
                                          (202) 682-3500 Tel.
                                          (202) 682-3580 Fax.

                                          Attorneys for
                                          JUNIPER NETWORKS, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that on January 18, 2008, I filed the foregoing Juniper's Motion for Leave to File an Additional Declaration in Support of Its Motion to Authorize Service and accompanying declaration via the Court's ECF system. Because Juniper has been unable to effectuate service of process of the Complaint upon Dr. Bahattab, and that the underlying motion seeks leave to do so via electronic mail and facsimile, Juniper has not served a copy of this instant motion on Dr. Bahattab.

Dated: January 18, 2008                            /s/ Jason F. Hoffman
                                                                           Jason F. Hoffman

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

JUNIPER NETWORKS, INC., )
         Plaintiff, )
)
v. ) Civil No. 1:07cv1771-PLF
)
ABDULLAH ALI BAHATTAB, )
         Defendant. )
)

### DECLARATION OF CARA LA FORGE
### IN SUPPORT OF JUNIPER'S MOTION TO AUTHORIZE SERVICE

I, Cara LaForge, hereby declare as follows:

1. I am over the age of 21 and am legally competent to execute this document. All of the facts contained herein are based on my personal knowledge and if called to testify I would testify consistently with the facts contained herein.

2. I am a licensed process server employed by Legal Language Services ("LLS"), a firm specializing in international litigation support, located at 8014 State Line Road Suite 110, Leawood, KS 66208. LLS routinely effects service abroad, including service upon defendants in the Kingdom of Saudi Arabia.

3. On or about December 7, 2007, Kaye Scholer LLP hired LLS to effect personal service of a Summons, Complaint with Exhibits A-D, Certificate Rule LCvR 7.1, Notice of Right to Consent to Trial, Initial Electronic Case Filing Order and ECF Registration Form upon Saudi defendant Abdullah Ali Bahattab (hereinafter "Dr. Bahattab"). Kaye Scholer advised me that they had attempted service via international mail pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii), but that Dr. Bahattab had refused to pick up the package.

4. In my and LLS's experience, effectuating service on Saudi residents is difficult. We cannot serve pursuant to Fed. R. Civ. P. 4(f)(1) as there is currently no treaty (such as the 1965 Hague Service Convention) in effect between the United States and Saudi Arabia

governing service of process; Saudi courts are non-responsive to requests for service of foreign pleadings by foreign plaintiffs, so it is difficult, if not impossible, to effect service pursuant to Fed. R. Civ. P. 4(f)(2)(A); and Saudi authorities have consistently refused to execute letters rogatory issued by American courts pursuant to Fed. R. Civ. P. 4(f)(2)(B), citing the lack of a judicial assistance treaty between the two countries.

5. Personal service is available pursuant to Fed. R. Civ. P. 4(f)(2)(C)(i); however it is a difficult and potentially dangerous process. We do not use local Saudi agents to effectuate service because such agents are known to submit to pressure from Saudi defendants and recant their sworn affidavits of service, so it is our practice to hire a private agent located outside of Saudi Arabia. Even using a private agent is not always effective because of tight security in the wake of terrorism, which sometimes prevents agents from gaining physical access to defendants. Locating defendants in Saudi Arabia is problematic because most businesses and individuals use PO boxes for addresses, rather than street addresses.

6. Based on our discussions, Kaye Scholer authorized me to attempt personal service upon Dr. Bahattab.

7. On December 12, 2007, I instructed an English agent, Jamie Withers of Priority Investigations Ltd. ("Priority"), which routinely conducts investigations in the Middle East and often serves process there for LLS, to serve Dr. Bahattab. Mr. Withers flew from the United Kingdom to Dubai, in the United Arab Emirates, on December 15, 2007, and applied for an entrance visa into Saudi Arabia. Saudi Arabia requires visas of all travelers and only issues visas upon request by a sponsor within Saudi Arabia and often only after clearance by the Ministry of Foreign Affairs in Riyadh. Because of Priority's regular business in the Middle East, it has an arrangement with a Saudi sponsor who sponsors its agents so they may obtain entry visas into Saudi Arabia.

8. While awaiting his visa, Mr. Withers arranged for a subcontractor already inside Saudi Arabia to inquire about Dr. Bahattab's whereabouts at the College of Telecommunication & Electronics ("the College") in Jeddah, where he is a professor of Computer Technology. On

December 17, 2007, the Saudi subcontractor attempted to enter the College campus to inquire about Dr. Bahattab. The College's security guards told him that because of security concerns he could not enter the campus without a Student/Staff ID Pass or a written invitation counter-authorized by the College. The subcontractor managed to convince the guards to telephone Dr. Bahattab's office to see if he would come to the gate, but there was no answer. On December 18, 2007, the subcontractor again attempted to locate Dr. Bahattab at the College but this time the guards told him that the College was closed for ten days during the religious festival of *Eid-al-Adha* (Feast of the Sacrifice), so the teaching staff were all away and were unlikely to return before the end of the year. During the holiday, the subcontractor attempted periodically but unsuccessfully to contact Dr. Bahattab at his office telephone number.

9. Between December 29, 2007 (the end of *Eid-al-Adha*) and January 2, 2008, the subcontractor returned to the College on repeated occasions. Each time, the guards refused him entry and they became increasingly hostile. He also continued to call Dr. Bahattab, who never answered his office telephone.

10. Meanwhile, the Saudi Embassy refused Mr. Withers' entry visa. I believe that the unexpected refusal of the visa was likely a reflection of Saudi concerns regarding political unrest during the religious holiday. Indeed, on December 19, 2007, the U.S. Department of State issued a Travel Warning for Saudi Arabia in conjunction with these concerns. Attached as Exhibit A is a true and correct copy of the US Department of State's Travel Warning.

11. Mr. Withers then arranged for a Muslim colleague in Dubai to apply for a visa for entry into Saudi Arabia, hoping that the colleague would be permitted entry as a religious pilgrim. On December 20, 2007, the Saudi Embassy also denied his visa.

12. Mr. Withers then telephoned the Saudi subcontractor, explained the predicament, and asked if he would be willing to effect service upon Dr. Bahattab and then sign an affidavit in front of a U.S. consular officer at the U.S. Embassy. The subcontractor declined, explaining that he faced a serious risk of being targeted by terrorist organizations if he was seen entering the

U.S. Embassy. He further explained that terrorist organizations take photographs of individuals entering the Embassy, who are then marked as Western sympathizers.

13. At this point, LLS and Priority have exhausted our options for serving process on Dr. Bahattab. When we have reached such an impasse in other cases, I am aware that the courts have allowed the plaintiff to effectuate service using a method such as email or facsimile pursuant to Fed. R. Civ. P. 4(f)(3).

I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and accurate to the best of my knowledge and belief.

_____
Cara LaForge

Subscribed and sworn to before
me this  Jan. 14  20 08

Notary Public _____
KARINA SHREEFER
Notary Public, State of Kansas
Qualified in Johnson County
Commission Expires November 15, 2009

4

# EXHIBIT A

# Travel Warning

United States Department of State
*Bureau of Consular Affairs*
*Washington, DC 20520*

---

*This information is current as of today, Thu Jan 03 11:41:11 2008.*

## SAUDI ARABIA

**December 19, 2007**

This Travel Warning updates information on the security situation in Saudi Arabia and reminds U.S. citizens of recommended security precautions. It supersedes the Travel Warning issued June 14, 2007.

The Department of State urges U.S. citizens to consider carefully the risks of traveling to Saudi Arabia. The security threat level remains high due to the continued presence of terrorist groups, some affiliated with al Qaida, who may target Western interests, housing compounds, and other facilities where Westerners congregate. These terrorist groups may also target Saudi Government facilities and economic/commercial targets within the Kingdom.

In February 2007, four French tourists were killed in a terrorist incident on a desert track north of Medina. A gunman fired shots at the U.S. Consulate General in Jeddah in May 2006. In February 2006, terrorists attempted an attack on Saudi oil facilities in Abqaiq in the Eastern Province. An armed attack on the U.S. Consulate General in Jeddah on December 6, 2004, resulted in five deaths and eleven serious injuries among non-U.S. staff members.

Although extremists have not conducted a successful attack against Westerners since February 2007, the United States Mission in Saudi Arabia remains an unaccompanied post as a result of continued security concerns. The Department of State has approved limited family visitation by adult dependents, in part because of the significant progress Saudi security forces have made in counteracting the terrorist threat within Saudi Arabia as they continue to arrest and break up terrorist cells

From time to time, the U.S. Embassy and Consulates in Saudi Arabia may restrict travel of official Americans or suspend public services for security reasons. In those instances, the Embassy and Consulates will keep the local American citizen community apprised through the Warden System and make every effort to provide emergency services to U.S. citizens. Warden Messages can be found on the U.S. Embassy Riyadh website: http://riyadh.usembassy.gov.

American citizens who choose to visit Saudi Arabia are strongly urged to avoid staying in hotels or housing compounds that do not apply stringent security measures and are also advised to maintain good situational awareness when visiting commercial establishments frequented by Westerners. American citizens also are advised to keep a low profile; vary times and routes of travel; exercise caution while driving, entering or exiting vehicles; and ensure that travel documents and visas are current and valid.

The Department of State advises that under Saudi law, married women need the permission of their husbands to leave Saudi Arabia and all children require the permission of their fathers to exit the country. This is true regardless of nationality, and the U.S. Embassy has very limited ability to facilitate exit permission.

Updated information on travel and security in Saudi Arabia may be obtained from the Department of State by calling 1-888-407-4747 from within the U.S. or Canada or, from outside the U.S. or Canada on a regular toll line at 1-202-501-4444. For additional information, consult the Department of State's Consular Information Sheet for Saudi Arabia, the Worldwide Caution Public Announcement, and Middle East and North Africa Public Announcement at http://travel.state.gov.

U.S. citizens who require emergency services may telephone the Embassy in Riyadh at (966) (1) 488-3800, the Consulate in Jeddah at (966) (2) 667-0080, or the Consulate in Dhahran at (966) (3) 330-3200.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **JUNIPER NETWORKS, INC.**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:07cv1771-PLF |
| ) | |
| **ABDULLAH ALI BAHATTAB**, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Upon consideration of Juniper Networks, Inc.'s ("Juniper") Motion for Leave to File an Additional Declaration in Support of its Motion to Authorize Service, it is hereby ORDERED that the Declaration of Cara LaForge, attached to Juniper's motion, is hereby deemed filed with the Court.

Date: _____

                                                PAUL L. FRIEDMAN
                                                UNITED STATES DISTRICT JUDGE