UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUNIPER NETWORKS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1771 (PLF) |
| ) | |
| ABDULLAH ALI BAHATTAB, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff Juniper Networks, Inc. ("Juniper") filed this action against defendant Dr. Abdullah Ali Bahattab, seeking a declaratory judgment of invalidity of Mr. Bahattab's U.S. Patent No. 6,815,457, a declaratory judgment of unenforceability of the same patent, and a declaratory judgment of noninfringement of the same patent.  The complaint was filed on October 3, 2007.  This matter is before the Court on plaintiff's motion under Rule 4(f)(3) of the Federal Rules of Civil Procedure, which requests that the Court authorize and direct service of process upon the defendant via electronic mail and facsimile.[1]

Defendant is a resident of Saudi Arabia.  Rule 4(f) of the Federal Rules of Civil Procedure provides that an individual "may be served at a place not within any judicial district of the United States . . . (3) by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f).  Plaintiff has attempted, without success, to serve the defendant via mail and personal service.  As plaintiff alleges the United States Postal Service ("USPS"):

---

[1] Plaintiff has included as an exhibit a printout of the defendant's website, which lists his e-mail addresses and facsimile number.  *See* Exhibit 6 to Motion.

> [C]ontracts with Federal Express ("FedEx") to deliver mail abroad. (Exhibit B at ¶ 3.) FedEx was unable to deliver the package to Dr. Bahattab because Dr. Bahattab's address contains a post office box. (*Id.*) Thus, when the FedEx office in Saudi Arabia received the package it called and spoke with Dr. Bahattab on four occasions. (Exhibit B at ¶ 7.) Each time they conversed, Dr. Bahattab either told the FedEx representative that he would contact them later with a delivery address or asked them to hold onto the package for another day. (*Id.*) After holding the package for 12 days, FedEx had to return the package to Juniper's counsel. (*Id.* at ¶¶ 5, 7.)

Motion at 2.

After FedEx was unable to deliver the complaint and summons to defendant in Saudi Arabia, plaintiff hired a process server "with extensive experience serving Saudi Arabian residents to effectuate service on Dr. Bahattab." Motion at 3. The process server has also been unable to serve the defendant. *See id.*

Plaintiff also alleges that defendant appears to have some sort of notice of the existence of this case, because in a case filed by defendant against plaintiff in Dubai, defendant stated in a court filing that plaintiff had hired counsel "to bring a lawsuit for invalidity and unenforceability." Motion at 2-3.

Plaintiff has ably described the reported cases in which federal courts have authorized service of process by electronic mail under Rule 4(f)(3) as follows:

> As e-mail has become more prevalent, courts have not hesitated to allow service by e-mail, especially when the defendant lives abroad and is avoiding service. *See, e.g.*, *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1017-18 (9th Cir. 2002) (concluding that service by electronic mail is "reasonably calculated to apprise [defendant] of the pendency of the action and afford it an opportunity to respond;" "when faced with an international ebusiness scofflaw [and] playing hide-and-seek with the federal court, email may be the only means of effecting service of process"); *Williams v. Advertising Sex LLC*, 231 F.R.D. 483, 488 (N.D.W.V. 2005) ("the Court concludes that service of process

> by electronic mail is authorized by and warranted under Rule 4(f)(3) of the Federal Rules of Civil Procedure"); *Popular Enterprises, LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 563 (E.D. Tenn. 2004) ("Service of process by e-mail is reasonably calculated to apprize defendant of the pendency of this action and afford it an opportunity to respond."); *see also Philip Morris USA Inc. v. Veles Ltd*, No. 06cv2988, 2007 U.S. Dist. LEXIS 19780, at *5 (S.D.N.Y Mar. 12, 2007) (authorizing service of process via e-mail)[.]

Motion at 3. The Court has read each of these cases and finds them to be persuasive. The Court concludes that in certain circumstances, such as those in this case, service of process via electronic mail and facsimile is appropriate and may be authorized by the Court under Rule 4(f)(3) of the Federal Rules of Civil Procedure. Accordingly, it is hereby

    ORDERED that plaintiff shall serve the summons and complaint in this case, as well as a copy of this Memorandum Opinion and Order, on defendant Abdullah Ali Bahattab via electronic mail at the addresses abahattab@gmail.com and abahattab@yahoo.com and via facsimile at the number +9662 6176783.

    SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: January 30, 2008