RECEIVED

FEB 15 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| UNITED STATES DISTRICT COURT<br>DISTRICT OF COLUMBIA | |
|---|---|
| | Docket No. 1:07-Cv-1771 (PLF) |
| Juniper Networks, Inc.<br>   Plaintiff<br>            -against-<br><br>Abdullah Ali Bahattab,<br>   Defendant | **NOTICE OF MOTION**<br><br>TO DISMISS THE COMPLAINT<br>OR FOR EXTENSION OF TIME<br>TO ANSWER OR MOVE TO DISMISS |

Please take notice that upon filing the affirmation dated February 13, 2008 of Abdullah Ali Bahattab, defendant *pro se* in this civil action, a motion shall be made at the United States District Court for the District of Columbia, located at 333 Constitution Avenue, N.W. Washington, DC 20001,

**on March 12, 2008, at 9:30 AM**; or any place or date and time thereafter as directed by the Court, for an ORDER,

1. Dismissing the Complaint under Rule 12(b)(1) and/or Rule 12(b)(6) of the Federal Rules of Civil Procedure; or in the alternative,

2. Holding this Case in abeyance until such time as the parties' related action in Dubai would have been finally adjudicated; or in the alternative

3. Granting defendant an extension of time to answer or move to dismiss complaint; and

4. GRANTING OTHER AND FURTHER RELIEF as this Court may deem just and proper in the premises.

PLEASE TAKE FURTHER NOTICE, that opposition papers, if any, must be served upon plaintiff and filed with the Court 7 <u>days before the return date</u>, and that this motion will be made by submission and, **except otherwise expressly ordered in writing in advance by the Court, no appearance will be required on the hearing date.**

Dated: February 13, 2008                                 Yours,

                                                        Abdullah Ali Bahattab,
                                                        c/o Tribeca Corp. Middle East Division
                                                        Pro Se Service
                                                        105 Duane Street, Suite 28E
                                                        New York, NY 10007

1

To:
    Alan M. Fisch, Esq.
    Kaye Scholer LLP
    901 15th Street, NW
    Washington, DC 20005-2327
    Phone: (202) 682-3500
    Fax:  (202) 682-3580

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Docket No. 1:07-Cv-1771 (PLF)

Juniper Networks, Inc.
       Plaintiff
-against-

Abdullah Ali Bahattab,
       Defendant

## DEFENDANT'S AFFIRMATION
IN SUPPORT OF DEFENSE MOTION
TO DISMISS THE COMPLAINT OR
FOR EXTENSION OF TIME
TO ANSWER OR MOVE TO DISMISS

I, Abdullah Ali Bahattab, defendant *pro se,* affirm under penalty of perjury as follows:

1. I am defendant *pro se* in this action. I make this motion for an order dismissing this case or holding it in abeyance or granting me an extension of time to answer or move to dismiss the complaint.

## PROCEDURAL STATEMENT

2. On or about February 1, 2008 I was served by plaintiff herein by email and/or fax with a copy of the complaint in this action.

3. A review of the complaint shows that it is a duplicate of the parties' action in Dubai, United Arab Emirates [Exhibit 1]

4. As shown on plaintiff's papers on file with the Court, I am a citizen of Saudi Arabia, presently residing at Jeddah City, Saudi Arabia.

## GROUDS TO DISMISS COMPLAINT

5. The complaint should be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) of the F.R.Cv.P.

1

6. Indeed the subject-matter jurisdiction over the legal issues raised in this Court by plaintiff has been preempted by the subject-matter jurisdiction of the Dubai Court of First Instance in *Bahatab v. Juniper*, Case No. 576/2007 Civil – Three Bench Court. [Exhibit 1]

7. Therefore until such time as plaintiff Juniper herein, who is defendant in the Dubai action, would have been successful in removing the Dubai case to this Court, this Court has no jurisdiction at all over this matter and the complaint should be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) of the F.R.Cv.P.

8. The complaint should further be dismissed for failure to state a cause of action upon which appropriate relief could be granted by the court. Hence this action should be dismissed pursuant to Rule 12(b)(6) of the F.R.Cv.P. for legal insufficiency.

WHEREFORE, Defendant respectfully moves the Court to dismiss the Complaint pursuant to Rule 12(b)(1) or (6) of the F.R.Cv.P. or in the alternative hold this action in abeyance until such time as the parties' action in Dubai would have been adjudicated with finality, or grant defendant an extension of time to answer or to move the Court for summary judgment dismissing complaint, and all relief set forth in the instant Notice of Cross- Motion, and/or other and further appropriate relief.

Dated: February 13, 2008

Abdullah Ali Bahattab, defendant Pro Se
Signed by: Abdulkder Abdulkway, Authorized Agent
C/o Tribeca Corp. Middle East Division
Pro Se Service
105 Duane Street, Suite 28E
New York, NY 10007

# AFFIRMATION OF SERVICE

I, Abdulkder Abdulkway, affirm under the penalty of perjury that:

On February 13, 2008 I served the true copies of the within documents by U.S. First Class Mail upon the following entities and/or individuals:

Alan M. Fisch, Esq.
Kaye Scholer LLP
901 15th Street, NW
Washington, DC 20005-2327
Phone: (202) 682-3500
Fax: (202) 682-3580

Dated: February 13, 2008

Abdulkder Abdulkway, President
Tribeca Corp. Middle East Division
Pro Se Service
105 Duane Street, Suite 28E
New York, NY 10007

5

# EXHIBIT No. 1

1

## Dubai court of First Instance

### Case No. 576/2007 Civil - Three Bench Court

**Plaintiff: Abdullah Bin Ali Bahatab**
Represented by: Aref Al Tarify Al Shamsi

Against

**The defendant: Juniper Networks Middle East**
Represented by: attorneys: Sami Al Midfa & Khalid Abdul Wahab

## Defense

**First:** <u>In order to no repeating ourselves, the plaintiff adhere to his pleadings and documents previously submitted which supporting the correctness of his case.</u>

**Second**: <u>In reply to the defendant's pleading dated 20/09/2007, we would like to mention the followings: -</u>

*1- In law and the scope of the legal protection:*

According to Article (2) of Law No. 40 of 1992 concerning the protection of the Intellectual Property and copyrights "Whom shall enjoy the protection determined by this law are ........................etc.
And the protection of the intellectual properties shall be including: -
(H) Cinematic, televisual and broadcasting works creative audio-visual works and computer programs".

In addition, and in accordance with the stipulation of the Decree No. 84 of 1998, Article one therein, concerning join of the State to Patent Cooperation

2

Treaty and its by-law which made in Washington on 19/06/1970 and amended on 2/10/1979 until 03/02/1984 and its by-law being executed on 01/01/1996.

Article (3) therein stipulates **"Applications for the protection of inventions in any of the contracting States may be filed as international application under this Treaty"**.

Accordingly, and as it is determined by the documents of the plaintiff and Patent Registration Certificate in particular, the plaintiff have taken all the required steps to issue such certificate and his invention was referred to and examined by the examiners mentioned thereof in accordance with Articles (15) and henceforth of the articles of the treaty mentioned previously which United Arab Emirates became member to it by virtue of the abovementioned decree.

2- Article (15) of Law No. 17 of the year 2002 concerning the protection of the industrial property of industrial patents, drawings and models stipulates that "A patent shall entitle its owner ……………………….etc, and the owner of the patent shall be entitled, if the subject of the patent is creating the right, to prevent the other who did not obtained his consent from manufacture, use, offer for sale, sell and importing for such purpose.

And if the subject of the patent is industrial works, then he/she shall have the right to prevent the others who did not obtained his/her consent from using the method and from using the product which comes directly as a result form such method and from offering it for sale, sell and importing for such purpose.

And whereas it is determined by the Registration Certificate that the invention is granted a patent certificate and such patent has been registered in his name and the Registration Certificate includes all the details of the invention which was used by the defendant without the consent and the awareness of the plaintiff as they exploited their awareness about the details of the invention when it was offered to them and decided that it is unbeneficial and then the plaintiff was surprised after while and by coincidence that his invention was used completely and they manufactured it and gained outcome estimated by millions due to such usage and production

without obtaining the consent of the plaintiff, and there is no other way for the court to find out the truth in such case unless it refers the case to expert to be enlightened by their opinion which shall comply with the plaintiff's demands of the case.

**Third:** evidencing the rightness of the case:

The best evidence regarding the rightness of the plaintiff's case is what was mentioned in the reply of the defendant that the plaintiff did not prove that he has an invention, while it is the only one who has seen the details of the invention as determined by the e-mail previously submitted which sent from Mr. Chris Moor – the regional sales manager of the defendant and moreover, the defendant appointed barrister in America to litigate against the plaintiff that he did not take the correct steps to register his invention which results that he has no right in claiming any rights upon such invention, which is proving the rightness of the plaintiff's case. This barrister sent an e-mail to the plaintiff evidencing the existence of the invention.

And whereas the defendant is submitting a completed copy of the original patent hence, such submission will prove the rightness of his case and the despairing trials of the defendant to abandon its obligations towards the plaintiff which caused physical and moral damages for him.

**Therefore**

The plaintiff hereby demands
**Originally:** To render a judgment with his demands mentioned in his initial pleading

**Alternatively:** the summons Mr. Chris Moor – the regional sales manager to be questioned about whether there is a letter sent from him to the plaintiff or not.

With all respect

By the power of attorney/ Arif Al Tarify Al Shamsi