# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **JUNIPER NETWORKS, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| **v.** | )  Civil No. 1:07cv1771-PLF |
| | ) |
| **ABDULLAH ALI BAHATTAB**, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFF JUNIPER NETWORK, INC.'S
## OPPOSITION TO DEFENDANT'S "MOTION TO DISMISS THE COMPLAINT" AND OPPOSITION TO DEFENDANT'S "MOTION FOR EXTENSION OF TIME TO ANSWER OR MOVE TO DISMISS"

Plaintiff Juniper Networks, Inc. ("Juniper") respectfully submits this opposition to defendant Abdullah Ali Bahattab's ("Dr. Bahattab") motion to dismiss the complaint for lack of subject matter jurisdiction, motion to dismiss the complaint for failure to state a claim upon which relief can be granted, motion for extension of time to answer, and motion for extension of time to move for summary judgment.

The law is clear. This Court has subject matter jurisdiction over Juniper's Complaint for Declaratory Judgment regarding a United States Patent. The mere existence of a foreign proceeding does not divest this Court of its subject matter jurisdiction. Dr. Bahattab, the purported inventor and assignee of the patent-in-suit, cites no treaty, statute, or case law to challenge this Court's jurisdiction, and presents no "exceptional circumstances" that justify surrendering subject matter jurisdiction over a United States Patent to a foreign court.

The complaint is clear. Juniper has stated a claim upon which relief can be granted, and seeks a declaratory judgment that the United States Patent is invalid, unenforceable, and not

infringed.  Dr. Bahattab has failed to articulate any basis for his claim that Juniper's complaint is deficient.

Dr. Bahattab's motions for extensions should be denied.  Dr. Bahattab failed to identify the length of the extensions requested and failed to state the reasons why the extensions should be granted.  Dr. Bahattab has already prejudiced Juniper by pursuing a foreign litigation while avoiding service of process in this case.

Juniper respectfully requests that Dr. Bahattab's requested relief be denied in its entirety.

## BACKGROUND

Dr. Bahattab, a resident of Saudi Arabia and the alleged inventor and assignee of U.S. Patent No. 6,816,457 ("the '457 Patent"), sued Juniper for infringement of the '457 Patent in the Dubai Court of First Instance, located in the United Arab Emirates.  (*See* Docket No. 1, Complaint, Exhibit D.)  Through his lawsuit in Dubai, Dr. Bahattab is attempting to enforce his United States Patent extraterritorially.  Thus, an actual controversy exists between Juniper and Dr. Bahattab with respect to the '457 Patent.  In response, Juniper filed this instant action on October 3, 2007, against Dr. Bahattab seeking declaratory judgment of invalidity, unenforceability, and noninfringement of the '457 Patent.  (*See* Docket No. 1, Complaint.)

Juniper attempted service via registered mail and via a process server.  As detailed in Juniper's prior motions, Dr. Bahattab successfully evaded service.  (*See* Docket Nos. 7, 8, & 9.)  Juniper served Dr. Bahattab successfully on January 30, 2008 – almost four months after first mailing the complaint to Dr. Bahattab – when the Court granted approval to serve Dr. Bahattab via his email addresses.  (*See* Docket No. 10, Memorandum Opinion and Order; Docket No. 11, Return of Service at 2.)

## ARGUMENT

### I.    THE COURT SHOULD DENY DR. BAHATTAB'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(1)

When a party files a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, "the plaintiff[] bear[s] the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *Biton v. Palestinian Interim Self-Gov't Auth.*, 310 F. Supp. 2d 172, 176 (D.D.C. 2004). A court considering a motion to dismiss for lack of jurisdiction must construe the complaint in plaintiff's favor, accepting all inferences that can be derived from the facts alleged. *See Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

#### A.    This Court Has Subject Matter Jurisdiction Over A Declaratory Judgment Action Regarding A United States Patent

Juniper filed a complaint for declaratory judgment against Dr. Bahattab, the alleged inventor and assignee of the '457 Patent, requesting that this Court declare that the '457 Patent invalid, unenforceable, and not infringed. (*See* Docket No. 1, Complaint.) This Court may declare the rights and other legal relations of the parties pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202. The Complaint fully details that a controversy exists between the parties regarding the '457 Patent. (*See* Docket No. 1, Complaint ¶¶ 8-13.) In his motion, Dr. Bahattab does not dispute that an actual controversy exists between the parties.

As asserted in the Complaint, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). (Docket No. 1, Complaint ¶ 4.) This case involves whether a United States Patent is invalid, unenforceable, and not infringed. Section 1331 grants district courts "original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States." Section 1338(a) "provides district courts with exclusive jurisdiction over patent cases." *Immunocept v. Fulbright & Jaworski*, 504 F.3d 1281, 1284 (Fed. Cir. 2007); *see also* 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . . Such jurisdiction

shall be exclusive of the courts of the states in patent . . . cases.").  This court has exclusive subject matter jurisdiction over patent cases, and as a result has subject matter jurisdiction over the present dispute.  *See Air Prods. & Chems. v. Reichhold Chems.*, 755 F.2d 1559, 1564 (Fed. Cir. 1985) ("We hold, that where a non-frivolous complaint states a claim and seeks relief under the patent laws, exclusive jurisdiction in the federal courts is thereby established."); *see also Levinson v. Sears, Roebuck & Co.*, No. 96-973, 1998 U.S. Dist. LEXIS 7158 (D.N.J. May 14, 1998) ("Since 1836, the federal courts have had exclusive subject-matter jurisdiction over all cases arising under the patent laws.").

> **B.    The Case Pending In The United Arab Emirates Does Not Divest This Court's Subject Matter Jurisdiction Over A United States Patent**

The entire basis for Dr. Bahattab's motion to dismiss for lack of subject matter jurisdiction is that he filed a case against Juniper asserting patent infringement of a United States Patent in the Dubai Court of First Instance located in the United Arab Emirates.  (*See* Docket No. 12, Defendant's Affirmation ¶¶ 5-7.)  However, the mere existence of a case pending in a foreign court provides no justification for this Court to surrender subject matter jurisdiction over a controversy involving infringement, validity, and enforceability of a United States Patent.  *See Royal and Sun Alliance Ins. Co. v. Century Int'l Arms, Inc.*, 466 F.3d 88, 92 (2d Cir. 2006) ("The mere existence of parallel foreign proceedings does not negate the district courts' 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'") (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)); *see also Laker Airways Ltd. v. Sabena*, 731 F.2d 909, 926 (D.C. Cir. 1984) ("The mere existence of dual grounds of prescriptive jurisdiction does not oust either one of the regulating forums.  Thus each forum is ordinarily free to proceed to judgment.").  In addition, this Court is "under no obligation to defer to the actions of [that] foreign tribunal[]."  *Laker Airways Ltd.*, 731 F.2d at 921.

In fact, the "task of a district court evaluating a request for dismissal based on a parallel foreign proceeding is not to articulate a justification <u>for</u> the exercise of jurisdiction, but rather to

determine whether exceptional circumstances exist that justify the surrender of that jurisdiction." *Royal and Sun Alliance Ins. Co.*, 466 F.3d at 93 (emphasis in original) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25-26 (1983)). Dr. Bahattab provides no argument, and cites no cases, treaties, or statutes demonstrating that exceptional circumstances exist requiring this Court to surrender its jurisdiction to a Court located in the United Arab Emirates regarding infringement, validity, and enforceability of a United States Patent.

Moreover, it is clear that no "exceptional circumstances" could ever justify a United States District Court surrendering jurisdiction over a United States Patent. First, Congress passed a law back in 1952 that contemplated this particular circumstance, where an accused infringer must defend itself against a nonresident owner of a United States Patent. The Patent Statute provides that the United States District Court for the District of Columbia shall have jurisdiction over the owner of a United States Patent that does not reside within the United States and who has not designated a resident agent on whom process may be served. *See* 35 U.S.C. § 293 ("[I]f no person has been designated [by a patentee not residing in the United States], the United States District Court for the District of Columbia shall have jurisdiction and summons shall be served by publication or otherwise as the court directs. The court shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court."). The primary purpose of 35 U.S.C. § 293 is "to provide at least one available forum where persons charged with infringement of a United States Patent held by a person residing abroad may file an action for a declaratory judgment of invalidity and/or noninfringement." 8-21 CHISUM ON PATENTS § 21.02 (citing *Riker Laboratories, Inc. v. Gist Brocades N.V.*, 636 F.2d 772 (D.C. Cir. 1980)). Dr. Bahattab, a non-resident patentee, has accused Juniper of infringing his United States Patent. Thus, Congress intended for this Court to have jurisdiction over this matter, and as a result, a foreign proceeding involving the same United States Patent cannot be considered an "exceptional circumstance" that would warrant this Court surrendering subject matter jurisdiction.

Second, well-established law demonstrates that a United States Patent is only enforceable in the United States. As the United States Supreme Court recently explained, "[t]he traditional understanding that our patent law 'operates only domestically and does not extend to foreign activities,' is embedded in the Patent Act itself, which provides that a patent confers exclusive rights in an invention within the United States." *Microsoft Corp. v. AT&T Corp.*, 127 S. Ct. 1746, 1758 (2007) (quoting Alan M. Fisch & Brent H. Allen, "The Application of Domestic Patent Law to Exported Software: 35 U.S.C. § 271(f)," 25 U. Pa. J. Int'l Econ. L. 557, 565 (2004)). United States patent laws "do not, and were not intended to, operate beyond the limits of the United States." *Microsoft Corp.*, 127 S. Ct. at 1752 (citing *Brown v. Duchesne*, 60 U.S. 183, 195-196 (1856)); *see also* 35 U.S.C. § 154(a)(1) ("Every patent shall . . . grant to the patentee . . . the right to exclude others from making, using, offering for sale, or selling the invention *throughout the United States* or importing the invention *into the United States*, and, if the invention is a process, of the right to exclude others from using, offering for sale or selling *throughout the United States*, or importing *into the United States*, products made by that process, referring to the specification for the particulars thereof.") (emphases added).

Because Dr. Bahattab has failed to demonstrate exceptional circumstances to justify this Court's surrender of its subject matter jurisdiction over a United States Patent, this Court should deny Dr. Bahattab's motion to dismiss for lack of subject matter jurisdiction.

## II.      THE COURT SHOULD DENY DR. BAHATTAB'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6), AS JUNIPER STATED A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Dr. Bahattab also seeks dismissal of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dr. Bahattab has the burden of proving that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.3d 1406, 1409 (3d Cir. 1991) (party moving for dismissal must bear burden of persuasion). However, Dr. Bahattab's sole sentence that Juniper has failed to state a cause of action upon which relief could be granted fails to satisfy his burden. (*See* Docket No. 12, Defendant's Affirmation ¶ 8.) As a result, Juniper cannot

determine what aspect, if any, of the Complaint Dr. Bahattab deems insufficient for purposes of Rule 12(b)(6).

This Court can only dismiss Juniper's complaint under Federal Rule of Civil Procedure 12(b)(6) if it appears beyond doubt that Juniper can demonstrate no set of facts supporting its claim. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Sparrow v. United Air Lines, Inc.*, 216 F.3d 111, 117 (D.C. Cir. 2000). In performing this analysis, the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of Juniper. *See Harris v. Ladner*, 127 F.3d 1121, 1123 (D.C. Cir. 1997).

As the Supreme Court recently reiterated, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (quoting *Conley*, 355 U.S. at 47). The Federal Circuit, in reversing the dismissal under Rule 12(b)(6) of a pro se plaintiff patentee and citing *Bell Atlantic Corp.*, stated "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) ("McZeal's complaint contains enough detail to allow the defendants to answer and thus meets the notice pleading required to survive a Rule 12(b)(6) motion. Nothing more is required.") (citation omitted).

Juniper has placed Dr. Bahattab on notice that it is seeking a declaratory judgment by this Court declaring the '457 Patent invalid, unenforceable, and not infringed. Specifically Juniper has alleged that the '457 Patent is invalid for failure to satisfy the provisions of sections 102 and 103 of Title 35 of the United States Code, the '457 Patent is invalid for failure to include all the inventors on the patent application pursuant to 35 U.S.C. §§ 102(f) and 116, the '457 Patent is unenforceable due to inequitable conduct by Dr. Bahattab, and that Juniper has not infringed the '457 Patent. (*See generally*, Docket No. 1, Complaint.) Juniper has complied with Rule 8(a)(2) and provided a "short and plain statement of the claim that will give [Dr. Bahattab] fair notice of

what [Juniper's] claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 45 (internal quotations omitted).

The Court should deny Dr. Bahattab's motion to dismiss for failure to state a cause of action upon which relief could be granted.

### III.        DR. BAHATTAB'S ALTERNATIVE RELIEF SHOULD BE DENIED

Dr. Bahattab asks the court alternatively to hold the case in abeyance pending adjudication of the lawsuit pending in the Dubai Court of First Instance, or grant Dr. Bahattab an extension of time to answer the Complaint or move for summary judgment.  None of these alternative requests is appropriate.

Again, Dr. Bahattab cites no treaty, statute, or case to support his request to stay this lawsuit pending the outcome of the foreign lawsuit.  This Court's power to stay is "checked" by its "strict duty to exercise the jurisdiction that is conferred upon [it] by Congress."  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).  As described previously, this Court has subject matter jurisdiction over the '457 Patent and Dr. Bahattab has provided no "exceptional circumstances" that would warrant staying this matter.  *See Laker Airways Ltd.*, 731 F.2d at 921 (this Court is "under no obligation to defer to the actions of [the] foreign tribunal[].").

This Court should not grant Dr. Bahattab an extension of time to file an answer or move for summary judgment.  First, Dr. Bahattab has failed to identify how much time he requires for an extension and has failed to put forth any reasons for an extension.  (*See* Docket No. 12, Defendant's Affirmation, p.2.)  Second, this matter has been pending since October 2007 and Dr. Bahattab successfully avoided service of the complaint for almost four months.  Dr. Bahattab is not deserving of additional time.  Third, Dr. Bahattab's continued pursuit of the litigation in the United Arab Emirates while avoiding service in this case has already prejudiced Juniper.  Juniper believes that it will convince the Dubai Court of First Instance that it lacks jurisdiction over enforcement of a United States Patent, but cannot be sure of the outcome.  It is thus imperative that Juniper litigate this case in this Court without delay in order to protect itself from an

erroneous foreign judgment.  Finally, there is no basis to grant an extension for Dr. Bahattab to file a motion for summary judgment.  Rule 56(b) of the Federal Rules of Civil Procedure provides that he "may move at any time . . . for summary judgment."[1]

Therefore, Juniper respectfully requests that this Court deny Dr. Bahattab's requests for alternative relief.

## CONCLUSION

For the foregoing reasons, Juniper respectfully requests that this Court deny Dr. Bahattab's "Motion to Dismiss the Complaint or For Extension of Time to Answer or Move to Dismiss."


Respectfully submitted,


Dated: February 22, 2008                     /s/ Jason F. Hoffman
                                             Alan M. Fisch (DC-453068)
                                             afisch@kayescholer.com
                                             Jason F. Hoffman (DC-467827)
                                             jahoffman@kayescholer.com
                                             David L. Cousineau (DC-482691)
                                             dcousineau@kayescholer.com
                                             KAYE SCHOLER LLP
                                             The McPherson Building
                                             901 Fifteenth Street, N.W.
                                             Washington, D.C.  20005-2327
                                             (202) 682-3500 Tel.
                                             (202) 682-3580 Fax.

                                             Attorneys for
                                             JUNIPER NETWORKS, INC.

---

[1] In addition, as required by Local Civil Rule 7(m), Dr. Bahattab's motions for extensions of time should be denied because he never met and conferred with Juniper's counsel prior to filing the motions.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 22, 2008, I filed the foregoing document via the Court's ECF system. I further certify that on February 22, 2008, I served a copy of the foregoing document on the defendant, Abdullah Ali Bahattab, via electronic mail at abahattab@gmail.com and abahattab@yahoo.com and via U.S. Mail to: Abdulkder Abudlkway, Authorized Agent, c/o Tribeca Corp. Middle East Division Pro Se Service, 105 Duana Street, Suite 28E, New York, NY 10007.

Dated: February 22, 2008                          /s/ Jason F. Hoffman
                                                  Jason F. Hoffman

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JUNIPER NETWORKS, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **v.** ) | Civil No. 1:07cv1771-PLF |
| ) | |
| **ABDULLAH ALI BAHATTAB**, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## <u>ORDER</u>

Upon consideration of Dr. Abdullah Ali Bahattab's ("Dr. Bahattab") Motion to Dismiss the Complaint or For Extension of Time to Answer or Move to Dismiss [Docket No. 12] and Juniper Networks, Inc.'s ("Juniper") Opposition thereto [Docket No. 13], it is hereby ORDERED that the Motion is DENIED in its entirety.

Date: _____

_____
PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE