**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JUNIPER NETWORKS, INC.**, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil No. 1:07cv1771-PLF ) |
| **ABDULLAH ALI BAHATTAB**, | ) ) ) ) |
| Defendant. | ) ) |

**JOINT REPORT OF COUNSEL PURSUANT TO LCvR 16.3**

The undersigned counsel for Plaintiff Juniper Networks, Inc. ("Plaintiff" or "Juniper") and Defendant Abdullah Ali Bahattab ("Defendant" or "Dr. Bahattab") (collectively, the "Parties") submit this joint report concerning the meeting of counsel pursuant to LCvR 16.3 held telephonically on May 21, 2008 in connection with the Meet and Confer Status Conference set for May 29, 2008. In accordance with the local rules, the following matters were discussed (the paragraph numbers below correspond to the paragraph numbers in LCvR 16.3(c)):

**1. Dispositive Motions & Discovery**

Pending before the Court is Defendant's Motion for Partial Summary Judgment as to Part of Count I and All of Count II (the "Motion for Partial Summary Judgment"). The Parties agree that discovery should not be stayed pending the Court's consideration of Defendant's Motion for Partial Summary Judgment.

The Parties are not in agreement regarding whether this matter may be disposed of by dispositive motion at this stage in the proceedings.

*Plaintiff's Position*

Juniper believes that, upon the close of discovery in this case, disposition of the case by dispositive motion may be appropriate. At this stage in the proceedings, however, Dr. Bahattab's Motion for Partial Summary Judgment is premature and fails to show the absence of any genuine issue of fact regarding Juniper's claims. Accordingly, Juniper believes that disposition of this case by summary judgment is inappropriate at this time.

*Defendant's Position*

Dr. Bahattab's Motion for Partial Summary Judgment addresses allegations set forth in Juniper's Complaint and is ripe for resolution at this time. Dr. Bahattab agrees that disposition of the remaining issues (e.g., infringement) may be appropriate upon the close of discovery in this case.

**2. Joinder of Parties/Amendment of Pleadings/Narrowing of Issues**

Plaintiff proposes that the date for joinder of other parties or amendment of the pleadings should be no later than *September 5, 2008*. Defendant proposes that the date for joinder of other parties or amendment of the pleadings should be *February 27, 2009*.

At this time, the Parties do not believe that other parties will be joined. Further, the Parties do not believe that the factual or legal issues in this case can be narrowed at this time.

**3. Magistrate**

The Parties respectfully request that this matter not be assigned to a magistrate judge.

4. **Possibility of Settling Action**

The Parties agree that the case is not amenable to settlement at this time.

*Plaintiff's Position*

Juniper is unable to engage in settlement discussions at this time because such settlement discussions would severely prejudice Juniper in its defense of Dr. Bahattab's action against Juniper in the Dubai Court of First Instance (the "Dubai Action"). Because Federal Rule of Evidence 408 does not serve to protect the confidentiality of settlement discussions in a court in the United Arab Emirates, the Dubai Court of First Instance may order the disclosure of the substance of such discussions. Accordingly, Juniper cannot engage in settlement discussions with Dr. Bahattab so long as the Dubai Action is ongoing.

*Defendant's Position*

Dr. Bahattab believes that the confidentiality of any settlement discussions would be assured by joint stipulation of the parties and Dr. Bahattab is willing to engage in settlement discussions with Juniper.

5. **ADR**

The Parties believe that it is unlikely that ADR procedures would be helpful in disposing of the case at this time.

### 6. Motions

*Plaintiff's Position*

The Plaintiff proposes that the last day to file dispositive motions should be *March 13, 2009*, with oppositions to be filed *14 days* thereafter, and replies, if any, to be filed *7 days* thereafter. The Plaintiff further proposes that the hearing, if any, should be set for *April 30, 2009*.

*Defendant's Position*

The Defendant proposes that the last day to file dispositive motions should be *May 8, 2009*, with oppositions to be filed *June 5, 2009*, and replies, if any, to be filed *June 19, 2009*. The Defendant further proposes that the hearing, if any, should be set for *July 10, 2009*.

The Parties agree that the respective foregoing schedules set forth the latest possible dates on which dispositive motions may be brought and that the Parties shall not be precluded from bringing dispositive motions on earlier dates.

### 7. Initial Disclosures

The Parties agree to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) *within three weeks* of the date of this report.

### 8. Discovery

The Plaintiff proposes that fact discovery close on *December 31, 2008*. The Defendant proposes that fact discovery close on *February 27, 2009*.

The Parties agree that each Party shall be allowed twenty-five (25) interrogatories, fifty (50) requests for admission, and ten (10) fact depositions, not including experts, provided that

either or both Parties may seek leave from the Court to increase this limit at a future time. The Parties further agree that a protective order is appropriate in this case.

### 9. Experts

With regard to the issues as to which the proffering Party bears the burden of proof, each Party shall serve its expert witness reports, as required under Federal Rule of Civil Procedure 26(a)(2) in accordance with the following proposed dates.

The Parties agree that initial expert reports be due by ***December 15, 2008,*** and that rebuttal expert reports shall be served by ***January 15, 2009***.

The Plaintiff proposes that expert discovery close ***February 13, 2009.*** The Defendant proposes that expert discovery close ***April 15, 2009***.

### 10. Class Actions

Not applicable.

### 11. Bifurcation

At this time, the Parties do not believe that trial and/or discovery should be bifurcated or managed in phases.

### 12. Pretrial Conference

The Plaintiff proposes a pre-trial conference on ***May 29, 2009***.

The Defendant proposes a pre-trial conference on ***August 7, 2009***.

**13. <u>Trial Date</u>**

The Parties respectfully request that the Court set a firm trial date at the scheduled status conference. The Plaintiff suggests ***June 30, 2009*** as the trial date. The Defendant suggests ***September 8, 2009*** as the trial date.

**14. <u>Other Matters</u>**

    **a. ESI**

The Parties agree that electronically stored information ("ESI") must be produced in accordance with Federal Rule of Civil Procedure 34(b)(2)(E).

*Defendant's Position*

Defendant agrees, and further clarifies that metadata associated with ESI will be produced, metadata being "information about a particular data set which describes how, when and by whom it was collected, created, accessed or modified and how it is formatted (including data demographics such as size, location, storage requirements and media information)." Sedona Conference Working Group on Best Practices for Electronic Document Retention & Production, *Sedona Guidelines: Best Practice Guidelines & Commentary for Managing Information & Records in the Electronic Age*, Appendix F (Sept. 2005), *available at* http://www.thesedonaconference.org/content/miscFiles/TSG9_05.pdf. The production of electronic documents in the form in which they are originally stored pursuant to Fed. R. Civ. P. 34(b)(2)(E) will typically not result in the loss of metadata.

*Plaintiff's Position*

Juniper agrees to produce all ESI in accordance with Federal Rule of Civil Procedure 34(b)(2)(E). In addition, Juniper will comply with its obligations to preserve all potentially

responsive ESI, including associated metadata. However, prior to receiving any document requests, it is premature for Juniper to agree to the blanket production of all metadata associated with any responsive ESI. In addition, Juniper objects to the blanket production of ESI in their native format, as Juniper intends to individually bates-label each document as well as label such documents for confidentiality purposes pursuant to a protective order. *See* Fed. R. Civ. P. 34 Advisory Committee Notes, 2006 Amendment ("The rule does not require a party to produce electronically stored information in the form in which it is ordinarily maintained, as long as it is produced in a reasonably usable form.").

      **b.** *Markman*

*Plaintiff's Position*

Because this case involves issues of invalidity and noninfringement, the Court may be called upon to resolve a dispute between the Parties regarding claim construction. If the Parties are unable to resolve their differences during the meet and confer process, briefing and a hearing before the Court will be required. As a result and as detailed below, Plaintiff respectfully requests that the Court set a schedule for *Markman* proceedings in this matter that will give the Parties the opportunity to resolve disputes regarding claim construction.

| Action | Date |
| --- | --- |
| Parties to Exchange Proposed Claim Interpretations | July 18, 2008 |
| Meet and Confer Between the Parties | August 8, 2008 |
| Parties' Opening *Markman* Briefs Due | August 22, 2008 |
| Responsive *Markman* Briefs Due | September 19, 2008 |
| *Markman* Hearing | October 17, 2008 |

*Defendant's Position*

Defendant agrees that a *Markman* hearing may be appropriate, and suggests the following dates which would place the *Markman* proceedings near the end of fact discovery under Defendant's proposed schedule.

| Action | Date |
| --- | --- |
| Parties to Exchange Proposed Claim Interpretations | January 9, 2009 |
| Meet and Confer Between the Parties | January 16, 2009 |
| Parties' Opening *Markman* Briefs Due | February 2, 2009 |
| Responsive *Markman* Briefs Due | February 23, 2009 |
| *Markman* Hearing | March 13, 2009 |

Respectfully submitted,

| | |
|---|---|
|     /s/ Jason F. Hoffman     |     /s/ Henry W. Asbill     |
| Alan M. Fisch (DC-453068) | Henry W. Asbill (DC-938811) |
| afisch@kayescholer.com | DEWEY & LEBOEUF LLP |
| Jason F. Hoffman (DC-467827) | 1101 New York Avenue, N.W., Suite 1100 |
| jahoffman@kayescholer.com | Washington, D.C. 20005-4213 |
| David L. Cousineau (DC-482691) | hasbill@dl.com |
| dcousineau@kayescholer.com | Tel: (202) 986-8141 |
| KAYE SCHOLER LLP | Fax: (202) 956-3263 |
| 901 Fifteenth Street, N.W. | |
| Washington, D.C. 20005-2327 | |
| (202) 682-3500 telephone | |
| (202) 682-3580 facsimile | George G. Mahfood (Fl. Bar No. 0077356) |
| | (appearing *pro hac vice*) |
| *Attorneys for Plaintiff* | FERRELL LAW, P.A. |
| *Juniper Networks, Inc.* | 34th Floor, Miami Center |
| | 201 South Biscayne Boulevard |
| | Miami, FL 33131 |
| | gmahfood@ferrellworldwide.com |
| | Tel: (305) 371-8585 |
| | Fax: (305) 371-5732 |
| | |
| | *Attorneys for Defendant* |
| | *Abdullah Ali Bahattab* |

Dated: May 22, 2008