UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUNIPER NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ABDULLAH ALI BAHATTAB, <br><br> Defendant. | Civil Action No. 07-1771 (PLF)(AK) |

**REPORT AND RECOMMENDATION**[1]

Pending before the Court are Defendant Abdullah Ali Bahattab ("Dr. Bahattab")'s Motion for Partial Summary Judgment as to Part of Count I and All of Count II [18], Plaintiff Juniper Networks Inc.'s ("Juniper's") Memorandum of Law in Opposition to Defendant Bahattab's Motion for Partial Summary Judgment [19], and Defendant's Reply [21].

**I.      Background**

Dr. Abdullah Ali Bahattab ("Defendant"), a citizen and resident of Saudi Arabia and former resident of Chicago, Illinois, is the owner of United States Patent No. 6,816,457 ("the '457 Patent"), titled "Predictive Routing Table Cache Population," which issued on November 9, 2004. (Compl. [1] ¶ 3; Def.'s Mot. 2.) The subject matter of the '457 Patent is identical to that of a paper titled "Predicting IP Addresses to Speed Up Routing Lookup" ("Predicting IP

---

[1] United States District Judge Paul Friedman referred this matter to the undersigned for Full Case Management, including issuing reports and recommendations on dispositive motions. (*See* Referral Order [22].)

Addresses") that Defendant published in connection with the April 2000 Advanced Simulation Technologies Conference. (Compl. ¶ 20.) "Predicting IP Addresses" lists four authors: Abdullah Bahattab, Bohdan Bodnar, George Kraft, and Martha Evens.[2] (*Id*.) On June 2, 2000, Defendant filed his Provisional Patent Application and listed "Predicting IP Addresses" in the bibliography. (Def.'s Mot. 1.) Two months later, Defendant filed his non-provisional Patent Application, which led to the issuance of the '457 Patent. (*Id*. 2.) The '457 Patent lists Defendant as the sole inventor. ('457 Patent, Ex. A to Compl. 2].)

On January 29, 2005, Defendant sent an e-mail to Chris Moore, Regional Sales Manager for Juniper Networks (Middle East)[3], stating his intent to file suit against Juniper ("Plaintiff") for infringement of the '457 Patent. (E-mail from Dr. Bahattab to Moore, Ex. B to Compl. 3.) On May 30, 2005, Steven Wood, identifying himself as counsel for Defendant, sent a letter to Plaintiff indicating that Juniper's JUNOS enterprise router may infringe the '457 Patent. (Letter from Wood to Gaynor, Ex. C to Compl. 4.) Finally, on April 18, 2007, Defendant filed an action in the Dubai Court of First Instance against Juniper Networks (Middle East) claiming that Juniper Networks (Middle East) manufactures, uses and sells products that infringe at least one claim of the '457 Patent. (Compl. ¶ 11.)

While the litigation was pending in the United Arab Emirates, Juniper filed a three count Complaint for Declaratory Judgment against Dr. Bahattab in the instant case. (*See generally* Compl.) In Count I, Plaintiff alleges that the '457 Patent is invalid for failure to satisfy the

---

[2] The paper lists the authors in the following order: Bohdan Bodnar, Abudullah Ali Bahattab, George Kraft, Martha Evens. ("Predicting IP Addresses," Ex. D to Pl.'s Opp'n [19-6].)

[3] According to Juniper, "Juniper Networks (Middle East) is the operating name of Juniper Networks Ireland Limited, which is a wholly owned subsidiary of Juniper" Networks, Inc. (Compl. ¶ 9.)

provisions of 35 U.S.C. §§ 102 and 103 and because Defendant failed to include all of the inventors on his patent application, in violation of 35 U.S.C. §§ 102(f) and 116. (Compl. ¶¶ 15, 16.) In Count II, Juniper alleges that the '457 Patent is unenforceable because of Dr. Bahattab's inequitable conduct, namely his failure to disclose to the United States Patent and Trademark Office ("Patent Office") all of the inventors of the '457 Patent during the patent prosecution process. (*Id*. ¶¶ 18, 19.) Specifically, Juniper alleges that Drs. Bodnar, Kraft, and Evens were co-inventors of the '457 Patent and therefore Dr. Bahattab was required to list their names on his patent application. (*Id*. ¶¶ 20-26.) Finally, in Count III, Juniper alleges that it "has not directly infringed, contributed to the infringement, or actively induced infringement of any claim of the '457 Patent." (*Id*. ¶ 29.)

On April 29, 2008, Defendant moved for summary judgment as to part of Count I and all of Count II. (Def.'s Mot. 1.) His chief argument is that he is the sole inventor of the '457 Patent and accordingly he had no duty to either include the names of Drs. Bodnar, Kraft, and Evens on his patent application or disclose the existence of any co-inventors to the Patent and Trademark Office. (*Id*. 5-6.) Defendant asserts that Drs. Bodnar, Kraft, and Evens were not co-inventors, but rather advisors on his doctoral thesis at the Illinois Institute of Technology and that "[i]t is customary practice for a doctoral student to give credit to his or her thesis advisors" by including their names on presentations and papers based on the thesis. (*Id*.) In support of his Motion, Defendant submitted declarations from Drs. Bodnar, Kraft, and Evens in which each declares that he or she was a member of Defendant's thesis committee and not a co-inventor of the '457 Patent. (Evens Decl., Ex. 3 to Def.'s Mot. ¶¶ 4, 12; Bodnar Decl., Ex. 4 to Def.'s Mot. ¶¶ 4, 13; Kraft Decl., Ex. 5 to Def.'s Mot. ¶¶ 4, 12.)

**II.     Analysis**

   A.     Summary Judgment

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the non-moving party's favor and accept the non-moving party's evidence as true. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) (citation omitted).

A party can move for summary judgment based on all or part of the claim, with or without supporting affidavits. FED. R. CIV. P. 56(a). Summary judgment is required if there has been adequate time for discovery and the non-moving party fails to show there is a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *cf. Comm. for Nuclear Responsibility, Inc. v. Seaborg*, 463 F.2d 783, 787 (D.C. Cir. 1971) ("Rule 56 clearly contemplates that the parties shall have [the] opportunity for deposition in order to establish the existence of a material issue."). A non-moving party may not merely rest on the allegations or denials of its own pleading in opposing a motion for summary judgment, FED. R. CIV. P. 56(e)(2), but it may submit an affidavit specifying why it is unable to present facts outside of its pleadings to support its opposition, FED. R. CIV. P. 56(f). The non-moving party must show (1) what it intends to discover that would create a triable issue of fact and (2) why it is unable to produce those facts in opposition at that time. *See Byrd v. U.S. E.P.A.*, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999) (citation omitted). A conclusory assertion without facts to show that discovery will likely create a triable issue of fact is not sufficient. *Id.* (finding that the moving party merely

alleged a conclusory allegation without factual support when stating "there may well be" additional witnesses to create a triable issue of fact). Rule 56(f) thereby permits the non-moving party to a motion for summary judgment an opportunity to conduct discovery to adequately respond to the motion. *ASPCA v. Ringling Bros. & Barnum & Bailey Circus*, 502 F. Supp. 2d 103, 106 (D.D.C. 2007) (citations omitted).

Defendant asserts that he is entitled to summary judgment because there are no genuine issues of material fact as to the inventorship of the '457 Patent or his representations to the Patent Office. (Def.'s Mot. 6.) Plaintiff submitted a Rule 56(f) affidavit in reply, explaining that it is currently unable to present facts outside of its Complaint because no discovery schedule has been set,[4] no discovery has occurred, and Defendant has only provided Plaintiff with the same documents filed with the court.[5] (Fisch Decl., Ex. 1 to Pl.'s Opp'n ¶¶ 1-3.) Plaintiff's declaration indicates that it intends to seek discovery relating to the role of Drs. Bodnar, Evens, Kraft and others in the preparation of "Predicting IP Addresses" and the initial patent application. (*Id.* ¶¶ 6, 7.) Plaintiff further presented facts, rather than conclusory allegations, that suggest discovery will likely create triable issues of fact by citing occasions on which Drs. Bodnar, Evens, and Kraft presented themselves as participants in the research and analysis underlying the '457 Patent.[6] (*Id.* ¶¶ 11, 12.) Accordingly, the undersigned recommends that the trial court deny

---

[4] The undersigned has since set January 30, 2009 as the deadline for fact discovery. (Sched. Order of 6/16/08 [25].)

[5] Plaintiff also argues, in the alternative, that summary judgment is not appropriate because there are genuine issues of material fact. Because Plaintiff's request for additional discovery pursuant to Rule 56(f) has merit, the Court does not reach whether there exist any genuine issues of material fact.

[6] In support of this contention, Plaintiff cites to "Predicting IP Addresses" and the 2002 paper "Producing a High Hit Radio and Low Search Time in Forwarding Routing Tables by Predicting IP Addresses" ("Producing a High Hit Radio"). Plaintiff argues that these papers suggest that at least one of Drs. Bodnar, Evens, and Kraft was a

Defendant's Motion for Partial Summary Judgment without prejudice to afford the parties an opportunity to conduct sufficient discovery to allow Plaintiff to respond to Defendant's Motion for Partial Summary Judgment on the issue of inventorship of the '457 Patent.[7]

　　B.　　Dismissal for Failure to Plead with Particularity[8]

Failure to disclose information on a patent application may rise to the level of fraud or "inequitable conduct" in patent law. *Am. Flange & Mfg. Co., Inc.*, 80 U.S.P.Q.2d (BNA) 1397, 1415 (P.T.O. T.T.A.B. 2006) (internal citations omitted). Claims of failure to disclose and inequitable conduct, like fraud, must be pled with particularity. *See Intex Recreation Corp. v. Team Worldwide Corp.*, 390 F. Supp. 2d 21, 23 (D.D.C. 2005) (citing FED. R. CIV. P. 9(b)). An allegation of failure to disclose or inequitable conduct may not stand on information and belief alone; it must be accompanied by a statement of known facts on which plaintiff bases his or her claim. *Cf. Chelsea Condo. Unit Owner's Ass'n v. 1815 A St., Condo. Group,* 468 F. Supp. 2d 136, 146 (D.D.C. 2007) (citation omitted) (explaining the same requirements for allegations of fraud). This statement of facts should be simple, concise, and direct and specify the "who, what, when, where, and how" of the claim. FED. R. CIV. P. 8, 9(b); *see Chelsea*, 468 F. Supp. 2d at 146

---

participant in the research underlying the '457 Patent, rather than simply an advisor, because the first person plural pronouns "we" and "our" are used 82 times within "Predicting IP Addresses," Dr. Bodnar is the first listed author of "Predicting IP Addresses," and the change in Dr. Bodnar's employment between the research and publishing of "Producing a High Hit Radio" is noted on the paper itself. ("Predicting IP Addresses," Ex. D to Pl.'s Opp'n; "Producing a High Hit Radio," Ex. E to Pl.'s Opp'n; Pl.'s Opp'n 15.)

[7]Nothing contained herein is intended to suggest that discovery shall be limited to the issue of the inventorship of the '457 Patent. Rather, the parties are entitled to take discovery on all issues relevant to this case pursuant to the June 16, 2008 Scheduling Order.

[8] Although Defendant captions his motion as one for partial summary judgment, Defendant also alleges that Plaintiff's failure to plead with particularity under Federal Rule 9(b) is grounds for dismissal. *See* FED. R. CIV. P. 9(b). Accordingly, the trial court should treat the motion both as one for partial summary judgment and as one to dismiss for failure to plead with particularity.

(citing *United States ex rel. Joseph v. Cannon*, 642 F.2d 1373, 1385 (D.C. Cir. 1981)) (placing FED. R. CIV. P. 9(b)'s heightened pleading requirement within the general requirements of FED. R. CIV. P. 8); *cf. Id.* (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)) (explaining the same requirements for allegations of fraud).

As the heightened requirement of Rule 9(b) seeks to provide defendants with adequate notice of the charges against them, *United States ex rel. McCready v. Columbia/HCA Healthcare Corp.*, 251 F. Supp. 2d 114, 116 (D.D.C. 2003) (citing FED. R. CIV. P. 9(b)), courts should hesitate to dismiss a complaint if it is satisfied that (1) the defendant is aware of the particular circumstances of the claim and (2) the plaintiff has substantial prediscovery evidence of those facts. *Id.* (citing *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)). Under those circumstances a court should instead grant the plaintiff leave to amend the complaint to correct any deficiencies. *Chelsea,* 468 F. Supp. 2d at 146 (citation omitted).

In support of Count I of its Complaint, Plaintiff incorporates by reference paragraphs 1-13, which discuss the Dubai action. (Compl. ¶ 14.) In support of Count II, Plaintiff incorporates by reference paragraphs 1-16, which discuss the Dubai action and the allegations of Count I, and also lists additional facts to support its claim that Defendant intentionally misled the Patent Office by failing to disclose all of the inventors of the '457 Patent.[9] (*Id.* ¶ 17, 20-26.) However, Plaintiff does not incorporate these or other specific facts to support its claim in Count I that Defendant failed to include all inventors on his patent application. (*Id.* ¶ 14-16).

---

[9] Specifically, Plaintiff alleges that Defendant co-authored a paper containing the same information on which the patent is based, "Predicting IP Addresses" two months before his initial application for the '457 patent but failed to name his co-authors as co-inventors on the patent application. (Compl. ¶¶ 20-23.) Plaintiff claims that the patent is therefore unenforceable because it was granted on the basis that all inventors had been named in the application materials. (*Id.* ¶¶ 24-27.)

Defendant asserts that the Complaint fails to meet the particularity requirement of Rule 9(b).[10] (Mot. 4-5.) However, Defendant is aware of the particular circumstances of the case against him because Plaintiff listed the known prediscovery facts to show the "who, what, when, where, and how" for Counts I and II[11] in support of Count II. The undersigned recommends, therefore, that the trial court grant leave for Plaintiff to amend Count I of the Complaint to incorporate paragraphs 20-26 so that both Counts I and II are pled with particularity, rather than dismissing Count I for failure to do so.[12]

### III. Conclusion

The undersigned recommends that the trial court deny Defendant's Motion for Partial Summary Judgment without prejudice to allow the parties to conduct discovery. The undersigned further recommends that the trial court grant Plaintiff leave to amend Count I of its Complaint to incorporate paragraphs 20-26 by reference in order to plead that count with particularity and meet the requirements of Rule 9(b).

---

[10] Defendant also claims that Plaintiff fails to meet the clear and convincing evidence standard required to establish inequitable conduct in its Complaint. Plaintiff replies that it need only plead its fraud claim with particularity, not provide enough evidence to meet the clear and convincing standard required at trial. (Opp'n 18.) Rules 8 and 9(b) support Plaintiff's position, *See* FED. R. CIV. P. 8, 9(b), and Plaintiff is accordingly not required to provide clear and convincing evidence of inequitable conduct in its Complaint.

[11] Although the facts that Plaintiff must prove to prevail on Counts I and II differ, the prediscovery facts to show the "who, what, when, where, and how" for each claim are the same.

[12] Defendant also claims that Plaintiff's Complaint fails for its reliance on "information and belief." (Mot. 4). However, because the statements made "upon information and belief" are accompanied by the statement of known facts in support of Count II, this problem will also be cured if the Complaint is amended to incorporate paragraphs 20-26 into Count I by reference.

**IV.    Review by the District Court**

The parties are hereby advised that under the provisions of Local Rule 72.3(b) of the United States District Court for the District of Columbia, any party who objects to this Report and Recommendation must file a written objection thereto with the Clerk of this Court within ten days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the report and/or recommendation to which objection is made, and the basis for such objections. The parties are further advised that failure to file timely objections to the findings and recommendations set forth in this report may waive their right of appeal from an order of the District Court that adopts such findings and recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). If this Report and Recommendation is served on the parties by mail, calculation of the time period for filing written objections is as follows: ten business days (excluding weekends and holidays) plus three calendar days (including weekends and holidays). *See CNPq-Conselho Nacional De Desenvolvimento Cientifico e Technologico v. Inter-Trade, Inc.*, 50 F.3d 56, 58 (D.C. Cir. 1995) (*per curiam*).

Date: June  30 , 2008                                             /s/
                                                                              ALAN KAY
                                                                              UNITED STATES MAGISTRATE JUDGE