UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JUNIPER NETWORKS, INC.,**<br><br>    Plaintiff,<br><br>    v.<br><br>**ABDULLAH ALI BAHATTAB,**<br><br>    Defendant. | Civil Action No. 07-1771 (PLF)(AK) |

### REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff Juniper Networks' Motion for Summary Judgment of Noninfringement [81]. Defendant Dr. Bahattab did not file an opposition.[2] Having reviewed the motion and in light of Defendant's failure to file an opposition, the Court issues the following Report and Recommendation.

**I.   Background**

Dr. Abdullah Ali Bahattab ("Defendant"), a citizen and resident of Saudi Arabia and former resident of Chicago, Illinois, is the owner of United States Patent No. 6,816,457 ("the '457 Patent"), titled "Predictive Routing Table Cache Population," which issued on November 9, 2004. (Compl. [1] ¶ 3; Def.'s Mot. Summ. J. [18] 2.) The subject matter of the '457 Patent is

---

[1] United States District Judge Paul Friedman referred this matter to the undersigned for Full Case Management, including all pre-trial matters. (*See* Referral Order [22].)

[2] Plaintiff's Motion for Summary Judgment was filed on April 23, 2009. The deadline for Defendant to respond to the motion passed without Defendant filing an opposition, and the Court ordered Defendant to file a written notice indicating whether or not he intended to oppose Plaintiff's Motion for Summary Judgment. (*See* 5/7/09 Minute Order.) Defendant's notice, filed on May 8, 2009, indicated that Defendant did not intend to oppose Plaintiff's motion. (*See* Def.'s Notice [86].)

identical to that of a paper titled "Predicting IP Addresses to Speed Up Routing Lookup" ("Predicting IP Addresses") that Defendant published in connection with the April 2000 Advanced Simulation Technologies Conference. (Compl. ¶ 20.) "Predicting IP Addresses" lists four authors: Abdullah Bahattab, Bohdan Bodnar, George Kraft, and Martha Evens. (*Id.*) On June 2, 2000, Defendant filed his Provisional Patent Application and listed "Predicting IP Addresses" in the bibliography. (Def.'s Mot. Summ. J. 1.) Two months later, Defendant filed his non-provisional Patent Application, which led to the issuance of the '457 Patent. (*Id.* 2.) The '457 Patent lists Defendant as the sole inventor. ('457 Patent, Ex. A to Compl. 2].)

On January 29, 2005, Defendant sent an e-mail to Chris Moore, Regional Sales Manager for Juniper Networks (Middle East)[3], stating his intent to file suit against Juniper ("Plaintiff") for infringement of the '457 Patent. (E-mail from Dr. Bahattab to Moore, Ex. B to Compl. 3.) On May 30, 2005, Steven Wood, identifying himself as counsel for Defendant, sent a letter to Plaintiff indicating that Juniper's JUNOS enterprise router may infringe the '457 Patent. (Letter from Wood to Gaynor, Ex. C to Compl. 4.) Finally, on April 18, 2007, Defendant filed an action in the Dubai Court of First Instance against Juniper Networks (Middle East) claiming that Juniper Networks (Middle East) manufactures, uses and sells products that infringe at least one claim of the '457 Patent. (Compl. ¶ 11.)

While the litigation was pending in the United Arab Emirates, Juniper filed a three count Complaint for Declaratory Judgment against Dr. Bahattab in the instant case. (*See generally* Compl.) In Count I, Plaintiff alleges that the '457 Patent is invalid for failure to satisfy the

---

[3] According to Juniper, "Juniper Networks (Middle East) is the operating name of Juniper Networks Ireland Limited, which is a wholly owned subsidiary of Juniper" Networks, Inc. (Compl. ¶ 9.)

provisions of 35 U.S.C. §§ 102 and 103 and because Defendant failed to include all of the inventors on his patent application, in violation of 35 U.S.C. §§ 102(f) and 116. (Compl. ¶¶ 15, 16.) In Count II, Juniper alleges that the '457 Patent is unenforceable because of Dr. Bahattab's inequitable conduct, namely his failure to disclose to the United States Patent and Trademark Office ("Patent Office") all of the inventors of the '457 Patent during the patent prosecution process. (*Id*. ¶¶ 18, 19.) Specifically, Juniper alleges that Drs. Bodnar, Kraft, and Evens were co-inventors of the '457 Patent and therefore Dr. Bahattab was required to list their names on his patent application. (*Id*. ¶¶ 20-26.) Finally, in Count III, Juniper alleges that it "has not directly infringed, contributed to the infringement, or actively induced infringement of any claim of the '457 Patent." (*Id*. ¶ 29.)

On April 23, 2009, Juniper moved for summary judgment of noninfringement of the '457 Patent. (*See* Pl.'s Mot. [81].) Juniper argues that it is undisputed that for it to infringe the '457 patent, its routers must employ "autoregressive moving average" ("ARMA"),[4] but Juniper's routers do not employ ARMA nor is there any evidence that they do. (*Id*. at 1.) On May 8, 2009, in response to a Minute Order issued by the Court, Defendant Dr. Bahattab filed a notice indicating that he did not intend to oppose Plaintiff's Motion for Summary Judgment of Noninfringement. (*See* Def.'s Notice [86].)

**II.   Discussion**

Summary judgment is appropriate if "the pleadings, the discovery and disclosure

---

[4] This Court recently construed the term "autoregressive moving average" according to Plaintiff's proposed construction. (*See* Memorandum Opinion and Order [87].)

materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the non-moving party's favor and accept the non-moving party's evidence as true. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) (citation omitted).

When a nonmovant fails to oppose a motion for summary judgment, "the Court may assume that the facts identified by the moving party in its statement of material facts are admitted." LCvR 7(h); LcvR 56.1. Furthermore, if a party fails to file a memorandum of points and authorities in opposition to any motion within the prescribed time, the Court may treat the motion as conceded. LCvR 7(b).

In light of Defendant's notice that he does not intend to oppose Plaintiff's Motion for Summary Judgment of Noninfringement, the Court recommends that the trial court treat Plaintiff's motion as conceded. The Court therefore recommends that the trial court grant Plaintiff's motion.

### III.   Conclusion

The undersigned recommends that the trial court grant Plaintiffs' Motion to for Summary Judgment of Noninfringement [81].

### IV.   Review by the District Court

The parties are hereby advised that under the provisions of Local Rule 72.3(b) of the United States District Court for the District of Columbia, any party who objects to this Report

and Recommendation must file a written objection thereto with the Clerk of this Court within ten days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the report and/or recommendation to which objection is made, and the basis for such objections. The parties are further advised that failure to file timely objections to the findings and recommendations set forth in this report may waive their right of appeal from an order of the District Court that adopts such findings and recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). If this Report and Recommendation is served on the parties by mail, calculation of the time period for filing written objections is as follows: ten business days (excluding weekends and holidays) plus three calendar days (including weekends and holidays). *See CNPq-Conselho Nacional De Desenvolvimento Cientifico e Technologico v. Inter-Trade, Inc.*, 50 F.3d 56, 58 (D.C. Cir. 1995) (per curiam).

Date: May 11, 2009                               /s/
                                                ALAN KAY
                                                UNITED STATES MAGISTRATE JUDGE