## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JUNIPER NETWORKS, INC.,

       Plaintiff

v.                               **Case No.: 1:07-cv-01771-PLF (AK)**

ABDULLAH ALI BAHATTAB,        **ORAL ARGUMENT REQUESTED**

       Defendant.

_____/

## DEFENDANT DR. BAHATTAB'S OBJECTIONS TO MAGISTRATE JUDGE KAY'S PROPOSED FINDINGS AND RECOMMENDATIONS WITH RESPECT TO DR. BAHATTAB'S RULE 12(B)(1) AND 12(H)(3) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Henry W. Asbill (DC Bar No. 938811)
DEWEY & LEBOEUF, LLP
1101 New York Avenue, N.W.
Washington, D.C. 20005-4213
hasbill@dl.com
Tel: 202-346-8141
Fax: 202-956-3263

Jeff E. Schwartz (DC Bar No. 442804)
DEWEY & LEBOEUF, LLP
1101 New York Avenue, N.W.
Washington, D.C. 20005-4213
jschwartz@dl.com
Tel: 202-346-7833
Fax: 202-299-1333

*Attorneys for Defendant Dr. Bahattab*

## TABLE OF CONTENTS

I.      Preliminary Statement and Factual Background.................................................. 2

II.     Legal Standards.................................................................................................... 5

III.    Judge Kay's Report and Recommendation............................................................ 9

IV.     The Judgment of Noninfringement Extinguished Any Case or
        Controversy That May Have Existed Between the Parties.................................. 10

V.      This Court Should Exercise Its Discretion to Dismiss the Action
        Because It Is a Waste of This Court's Valuable Resources to Resolve
        a Non-Existent Dispute....................................................................................... 15

VI.     Conclusion ......................................................................................................... 19

## TABLE OF AUTHORITIES

**Cases**

*Aetna Life Ins. Co. v. Haworth*,
   300 U.S. 227 (1937) .................................................................................................. 6

*Ames v. Yellow Cab of D.C., Inc.*,
   No. 00-3116(RWR), 2006 WL 2711546 (D.D.C. Sept. 21, 2006) ................................ 6

*Benitec Australia, Ltd. v. Nucleonics, Inc.*,
   495 F.3d 1340 (Fed. Cir. 2007) ................................................... 6, 10, 11, 13

*Brillhart v. Excess Ins. Co. of Am.*,
   316 U.S. 491 (1942) .................................................................................................. 8

*Brinco Mining Ltd. v. Fed. Ins. Co.*,
   552 F. Supp. 1233 (D.D.C. 1982) ........................................................................... 18

*Cardinal Chem. Co. v. Morton Int'l, Inc.*,
   508 U.S. 83 (1993) .................................................................................................... 8

*Cat Tech LLC v. TubeMaster, Inc.*,
   528 F.3d 871 (Fed. Cir. 2008) ............................................................. 6, 8, 15

*CIVCO Med. Instruments Co. v. Protek Med. Prods.*,
   231 F.R.D. 555 (S.D. Iowa 2005) ........................................................................... 14

*Crossbow Tech., Inc. v. YH Tech.*,
   531 F. Supp. 2d 1117 (N.D. Cal. 2007) .................................................................. 14

*Epps v. U.S. Att'y Gen.*,
   575 F. Supp. 2d 232 (D.D.C. 2008) .......................................................................... 6

*Fort James Corp. v. Solo Cup Co.*,
   412 F.3d 1340 (Fed. Cir. 2005) ............................................................................... 9

*Franklin-Mason v. Penn*,
   616 F. Supp. 2d 97 (D.D.C. 2009) ............................................................................ 6

*Kontrick v. Ryan*,
   540 U.S. 443 (2004) .................................................................................................. 6

*Level 1 Techs., Inc. v. C.R. Bard, Inc.*,
   839 F. Supp. 90 (D. Mass. 1994) ........................................................................... 14

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007) ......................................................................................... passim

*Microchip Tech. Inc. v. Chamberlain Group, Inc.*,
   441 F.3d 936 (Fed. Cir. 2006) ......................................................................... 7, 10

ii

*Nestier Corp. v Menasha Corp.-Lewisystems Div.*,
  739 F.2d 1576 (Fed. Cir. 1984) .................................................................................. 16

*Phonometrics, Inc. v. Northern Telecom, Inc.*,
  133 F.3d 1459 (Fed. Cir. 1998) .................................................................................. 16

*Prasco, LLC v. Medicis Pharm. Corp.*,
  537 F.3d 1329 (Fed. Cir. 2008) .................................................................................. 11

*Ragoni v. United States*,
  424 F.2d 261 (3d Cir. 1970) ....................................................................................... 12

*Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*,
  556 F.3d 1294 (Fed. Cir. 2009) .............................................................................. 7, 13

*Ring & Pinion Serv. v. Regal-Beloit*,
  No. C09-0329RAJ, slip op. (W.D. Wash. June 30, 2009) ........................................ 10

*Samsung Elecs. Co. v. Rambus, Inc.*,
  398 F. Supp. 2d 470 (E.D. Va. 2005) ........................................................................ 14

*Sensitron, Inc. v. Wallace*,
  504 F. Supp. 2d 1180 (D. Utah 2007) .......................................................................... 7

*Spectronics Corp. v. H.B. Fuller Co.*,
  940 F.2d 631 (Fed. Cir. 1991) ..................................................................................... 8

*Steffel v. Thompson*,
  415 U.S. 452 (1974) ...................................................................................................... 6

*Studex Corp. v. Blomdahl Med. Innovation AB*,
  355 F. Supp. 2d 3 (D.D.C. 2004) ................................................................................. 6

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*,
  57 F.3d 1054 (Fed. Cir. 1995) .............................................................................. 11, 14

*Supermicro Computer Inc. v. Digitechnic, S.A.*,
  145 F. Supp. 2d 1147 (N.D. Cal. 2001) ..................................................................... 17

*Termorio S.A. v. Electrificadora del Atlantico S.A.*,
  421 F. Supp. 2d 87 (D.D.C. 2006) ............................................................................. 17

*Thompson v. Capitol Police Bd.*,
  120 F. Supp. 2d 78 (D.D.C. 2000) ............................................................................... 6

*True Center Gate Leasing, Inc. v. Sonoran Gate, L.L.C.*,
  402 F. Supp. 2d 1093 (D. Ariz. 2005) ....................................................................... 14

*Wilton v. Seven Falls Co.*,
  515 U.S. 277 (1995) ................................................................................................. 8, 17

**Statutes**

28 U.S.C. § 2201 (2006) ......................................................................................... 8, 12

**Rules**

Fed. R. Civ. P. 12(h)(3) ........................................................................................... 6

Fed. R. Civ. P. 72 ..................................................................................................... 5

LCvR 72.3(c) ............................................................................................................ 5

**Constitutional Provisions**

U.S. CONST. art. III, § 2 ............................................................................................ 6

Defendant Dr. Abdullah Ali Bahattab ("Dr. Bahattab") submits this objection pursuant to LCvR 72.3(b) to Magistrate Judge Alan Kay's August 14, 2009 Report and Recommendation (the "Report," Docket No. 133), recommending that this Court deny Dr. Bahattab's Rule 12(b)(1) and 12(h)(3) motion to dismiss Plaintiff Juniper Networks Inc.'s ("Juniper USA") Amended Complaint for lack of subject matter jurisdiction or in the Court's discretion. (Docket No. 124). There now is no subject matter jurisdiction in this case under Article III of the Constitution because Juniper USA admits that a final, non-appealable Judgment of non-infringement has been entered as to the only United States patent at issue. Thus, Juniper USA's insistence that this Court continue this case to resolve alleged patent invalidity issues is an impermissible quest for an advisory opinion.

This Court should not permit Juniper USA to both rely on the foreign proceeding filed by Dr. Bahattab in the Dubai Court of First Instance (Case No. 291/2007, the "Dubai Litigation") against a different entity (Juniper Middle East) to confer continued subject matter jurisdiction on this Court, while at the same time urge that the Dubai Court lacks jurisdiction because United States patent law only operates domestically. Juniper USA cannot have it both ways. While Dr. Bahattab is merely defending himself in this action, Juniper USA is trying to use this case to better its position in the Dubai Litigation. Not only is this an inappropriate use of this Court's time, there is no evidence that this action will be of any use to Juniper USA in the Dubai Litigation. There simply is no compelling reason for this Court to waste further resources to resolve a non-existent dispute or to usurp the role of the Court in the first-filed Dubai Litigation. This Court should therefore reject the Report and dismiss the Amended Complaint whether as a matter of subject matter jurisdiction or in its discretion under the Declaratory Judgment Act.

1

As discussed below, Dr. Bahattab specifically objects to: (1) page eight of the Report insofar as it found that the Dubai Litigation had the same effect on jurisdiction as if Dr. Bahattab had brought the same action in the United States; (2) pages nine through eleven of the Report insofar as it found that the Judgment of noninfringement did not divest the Court of jurisdiction over the remaining claims; and (3) pages eleven through thirteen of the Report insofar as it recommended that this Court should decline to exercise its discretion to dismiss the declaratory judgment action.[1]

## I.   PRELIMINARY STATEMENT AND FACTUAL BACKGROUND

In June 2008, Juniper USA filed this declaratory judgment action against Dr. Bahattab, asking that the Court declare the '457 patent invalid, unenforceable, and not infringed by Juniper USA.  (Docket No. 28).  On June 2, 2009, after Juniper USA filed for summary judgment of noninfringement, this Court, with no opposition from Dr. Bahattab, entered a final Judgment of noninfringement in favor of Juniper USA with respect to the '457 patent.  (Docket No. 102, 105). Specifically, the Court ordered and adjudged that Juniper USA "does not infringe United States Patent No. 6,816,457."  (Docket No. 105).  Juniper USA maintains that the order and Judgment of noninfringement is final and not appealable (Docket No. 97, 128).[2]

---

[1] Dr. Bahattab does not herein object to the portion of the Report and Recommendation finding that there initially was subject matter jurisdiction in this action when it was filed.  (Report at § III (A)(1)).

[2] Subsequently, both Juniper USA and Dr. Bahattab filed for partial summary judgment. (Docket No. 88, 89, 115).  On August 14, 2009, Judge Kay recommended (Docket No. 134) that this Court grant Dr. Bahattab's Motion for Partial Summary Judgment as to Counts I and II with respect to inventorship (Docket No. 88), grant his Motion for Partial Summary Judgment as to Count II with respect to unenforceability (Docket No. 89), and deny Juniper USA's Motion for Partial Summary Judgment as to Count I with respect to inventorship and Count II with respect to unenforceability (Docket No. 115).  Thus, absent objections by Juniper USA, only that portion of Count I pertaining to whether the '457 patent is invalid for failure to satisfy the provisions of

2

On July 9, 2009, Dr. Bahattab filed the instant motion to dismiss Juniper USA's Amended Complaint for lack of declaratory judgment jurisdiction (lacking a case or controversy) or alternatively in the Court's discretion.  (Docket No. 124).  Juniper USA filed a brief in opposition, and Dr. Bahattab replied.  (Docket Nos. 128, 130).  On August 14, 2009, Judge Kay recommended that this Court deny Dr. Bahattab's motion to dismiss, despite a final Judgment having been entered declaring that Juniper USA does not infringe and despite there being no dispute for this Court to resolve between the parties.

As of this Court's final Judgment of noninfringement, no case or controversy between the parties existed because Dr. Bahattab cannot assert any rights against Juniper USA in the United States with respect to the '457 patent and Juniper USA cannot point to any monetary consequences that will result from this case.  Accordingly, Juniper USA must show that it continues to meet the governing test set forth in *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 135 (2007), which requires real consequences, usually monetary, to directly flow between the parties as a result of the case.  Here, however, no such financial consequences to Juniper USA will flow from the judgment that it seeks.

The Dubai Litigation is a red herring and provides no basis for jurisdiction at this point in the case because neither party knows how the Dubai Court will treat any decision by a U.S. court.  Rather, the existence of the Dubai Litigation suggests that this Court should dismiss the action, as it is clear that Juniper USA is seeking an advisory opinion from this Court with the hope, at best, of obtaining a strategic advantage for a different company in a foreign proceeding. While both Juniper USA and the Report relied on the Dubai Litigation as continued evidence of

---

sections 102 and 103 of Title 35 of the United States Code will remain before this Court. (Docket No. 28, ¶15).

3

Dr. Bahattab's assertion of rights against Juniper USA (Report at 10-11, Docket No. 128 at 5-6), the Dubai Litigation cannot lift Juniper USA's burden to show that subject matter jurisdiction has continued in this Court beyond the entry of final Judgment of noninfringement.  That action does not confer continued subject matter jurisdiction on this Court because the Dubai Litigation is not within the jurisdiction of the United States.  Indeed, Juniper USA contends, as echoed in the Report, that Dubai does not have jurisdiction to decide issues related to a United States patent.  (Docket No. 128 at 8, Report at 12-13).  Assuming Juniper USA is correct, then the Dubai case does not implicate any rights at issue in this Court—thus, it cannot be used as evidence that jurisdiction remains in this action.  If this Court agrees that the Dubai Court of First Instance does not have jurisdiction, as the Report suggests, then the Dubai Litigation cannot be relied upon as evidence of a "case or controversy" here.

Contrary, then, to the Report's findings, the final Judgment of noninfringement in favor of Juniper USA extinguished any case or controversy between the parties because there is no risk that Juniper USA can be sued in the United States for infringement of the '457 patent for any of its past or current products.  (Report at 10).  There simply is no further dispute in the United States–and this Court's jurisdiction is limited to domestic disputes.

Furthermore, this Court can dismiss this action in its discretion without even resolving the subject matter jurisdiction issues inherent in this case's unique procedural posture.  At this juncture, it is a waste of this Court's time and resources to resolve this non-existent dispute.  The Report recommended that this Court decline to exercise its discretion due to the time already expended by the parties and the Court litigating this case and because it would be "imprudent" for this Court to decline jurisdiction in favor of the Dubai Litigation.  (Report at 12-13).  However, while the Court has devoted time to other issues in this case, the time required to

4

litigate and conduct a jury trial on the remaining invalidity issue, for which little to no time has been expended on to date, will be much more extensive and is wasteful of this Court's resources, as nothing further needs to be resolved between these parties.

For similar and even less convincing reasons, courts have exercised their discretion to dismiss cases under the Declaratory Judgment Act long after the complaint was filed, when subsequent events militated in favor of dismissal. For example, numerous cases provide that covenants not to sue will destroy subject matter jurisdiction. But such covenants may be revoked. Here, Juniper has admitted that the entry of final Judgment of noninfringement is final and non-appealable. *A fortiori,* there is no longer any subject matter jurisdiction in this case.

Indeed, it is imprudent for this Court to permit Juniper USA to use this action as a stalking horse, with the hope that it benefits Juniper Middle East's strategic position in the Dubai Litigation. Juniper USA has not shown how any Judgment in this action will impact the Dubai Litigation. Although the Report recognized that the Dubai Litigation is novel, it recommended that this Court give it no deference because "our patent law" only protects patent owners in the United States. (Report at 12-13). However, neither this Court nor Juniper USA knows how the Dubai Court will resolve the Dubai Litigation. In fact, the Dubai Court may come to the same conclusion as Judge Kay and Juniper USA. Therefore, as there is no evidence that a Judgment in this action will have any impact on the Dubai Litigation, it is unwise for this Court to continue on a fool's errand.

## II.    LEGAL STANDARDS

Under Local Rule LCvR 72.3, "[a] district judge shall make a *de novo* determination of those portions of a magistrate judge's findings and recommendations to which objection is made...." LCvR 72.3(c). *See also* Fed. R. Civ. P. 72; *Franklin-Mason v. Penn*, 616 F. Supp. 2d

97, 100 (D.D.C. 2009); *Ames v. Yellow Cab of D.C., Inc.,* No. 00-3116(RWR), 2006 WL

2711546, at *4 (D.D.C. Sept. 21, 2006).  This Court "may accept, reject, or modify, in whole or

in part, the findings and recommendations of the magistrate judge, or may recommit the matter

to the magistrate judge with instructions."  LCvR 72.3(c).

   With respect to subject matter jurisdiction, all litigations in United States Federal Courts,

including declaratory judgment actions, are limited by Article III of the Constitution to the

adjudication of "cases" or "controversies."  U.S. CONST. art. III, § 2.  Because of this case or

controversy requirement, the Federal Circuit has held that a court may not adjudicate a

hypothetical dispute.  *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 879 (Fed. Cir. 2008)

(citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)).

   It is the plaintiff's burden to establish the existence of subject matter jurisdiction by a

preponderance of the evidence.  *Studex Corp. v. Blomdahl Med. Innovation AB*, 355 F. Supp. 2d

3, 6 (D.D.C. 2004); *Thompson v. Capitol Police Bd.*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000).

Subject matter jurisdiction must exist throughout the entire duration of the litigation.  *See Steffel

v. Thompson*, 415 U.S. 452, 459 n. 10 (1974); *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495

F.3d 1340, 1344-45 (Fed. Cir. 2007).  If the trial court's subject matter jurisdiction is challenged

by new information, the party seeking to invoke jurisdiction retains the burden of proof that

jurisdiction continues.  *Benitec,* 495 F.3d at 1345.

   "If the court determines at any time that it lacks subject-matter jurisdiction, the court

must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  A defense of lack of subject matter

jurisdiction is never waived, and may be raised by any party or by the Court *sua sponte* at any

stage in the proceedings.  *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004); *Epps v. U.S. Att'y Gen.*,

575 F. Supp. 2d 232, 236-37 (D.D.C. 2008) ("Because subject-matter jurisdiction is an Article III

as well as a statutory requirement, no action of the parties can confer subject-matter jurisdiction upon a federal court." (quotations and citations omitted)).

In *MedImmune*, the United States Supreme Court held that for a court to have jurisdiction over a declaratory judgment action, "the dispute [must] be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune*, 549 U.S. at 127 (internal citation and quotations omitted). The Court imposed a totality-of-the-circumstances test for deciding whether there is indeed an actual controversy, on the particular facts and relationships involved. *Id. See also Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009).

The *MedImmune* standard requires that "there be an underlying legal cause of action that the declaratory defendant could have brought or threatened to bring, if not for the fact that the declaratory plaintiff has preempted it. Without an underlying legal cause of action, any adverse economic interest that the declaratory plaintiff may have against the declaratory defendant is not a legally cognizable interest sufficient to confer declaratory judgment jurisdiction." *Microchip Tech. Inc. v. Chamberlain Group, Inc.*, 441 F.3d 936, 943 (Fed. Cir. 2006). *MedImmune* therefore requires that the controversy contain sufficient immediacy and reality to warrant declaratory relief. *MedImmune*, 549 U.S. at 127.

In the absence of a pending or threatened infringement action, a party normally cannot seek a declaration that a patent is invalid and unenforceable. *See Sensitron, Inc. v. Wallace*, 504 F. Supp. 2d 1180, 1185 (D. Utah 2007) (finding that "absent some potential activity by the counterclaiming Defendant which could potentially constitute infringement, or some ongoing

injury which, if removed, could result in infringement, Defendant's Counterclaim is not

justiciable").  In particular, no case or controversy can exist where the patent holder is prevented

from suing for infringement and no monetary consequences will flow from the requested

judgment.  *See MedImmune*, 549 U.S. at 135 (pointing out that the resolution of the infringement

and invalidity claims at issue in that case would have enormous consequences on the financial

obligations of the parties).

 With respect to this Court's discretion to dismiss the action, the Declaratory Judgment

Act does not require federal courts to adjudicate all matters that are brought under the statute,

even if subject matter jurisdiction exists.  28 U.S.C. § 2201 (2006).  Rather, the statute "confer[s]

on federal courts unique and substantial discretion in deciding whether to declare the rights of

litigants," thus providing courts with substantial latitude in dismissing cases in their discretion.

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).  *See also MedImmune*, 549 U.S. at 136;

*Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494-96 (1942).  Hence, "even assuming that

the immediacy and reality prerequisites for declaratory judgment relief have been met, the

District Court's exercise of its declaratory judgment authority is discretionary."  *Cardinal Chem.

Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 n.17 (1993); *Cat Tech*, 528 F.3d at 883.  "'When there

is no actual controversy, the court has no discretion to decide the case.  When there is an actual

controversy and thus jurisdiction, the exercise of that jurisdiction is discretionary.'"  *Cat Tech*,

528 F.3d at 883 (quoting *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 634 (Fed. Cir.

1991)).

 Here, after the Court entered a final Judgment of noninfringement, which Dr. Bahattab

did not oppose, there is no current controversy for this Court to resolve.

III.     **JUDGE KAY'S REPORT AND RECOMMENDATION**

On August 14, 2009 Judge Kay issued the Report.  (Docket No. 133).  With respect to

continued jurisdiction post-Judgment of noninfringement, the Report said:

> This Court is therefore asked to decide whether – where there is a declaratory
> judgment action brought for non-infringement of United States patent that is also
> the subject of a first-filed and ongoing foreign infringement action brought by the
> patent holder, and where there has been an uncontested final judgment of non-
> infringement but there remains undecided invalidity and unenforceability claims –
> the entry of final judgment of non-infringement moots the remaining claims and
> divests this Court of subject matter jurisdiction.

(Report at 10).  Despite concluding that Dubai lacked jurisdiction to resolve an issue of United

States patent law, the Report found that the Dr. Bahattab's action in Dubai against Juniper

Middle East would be treated as an action brought by Dr. Bahattab against Juniper USA in this

Court.  (*Id*. at 10, 12).  The Report therefore treated Juniper USA's declaratory judgment action

as counterclaims filed in response to the Dubai Litigation, and found that "the fact that Juniper

elected not to file its claims as counterclaims in the Dubai suit is not itself cause to distinguish

this case from *Fort James*," a case that Juniper USA relied on in its opposition brief, which

teaches that a patentee cannot bring a case for infringement and then unilaterally moot subject

matter jurisdiction over the counterclaims by providing a covenant not to sue after final judgment

has been entered.  (*Id*. at 10-11, citing *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1348

(Fed. Cir. 2005)).  In addition, the Report stated that this case differed from cases involving

covenants not to sue because the Dubai Litigation was ongoing.  (Report at 11).  Therefore, the

Report found that, despite the fact that there never was a charge of infringement in this action,

the Judgment of noninfringement did not divest the Court of jurisdiction.  (*Id*. at 10-11).

With respect to this Court's discretion to dismiss the action, the Report recommended

that this Court decline to exercise its discretion because "the parties and the Court have already

expended considerable time, expense, and effort in litigating this case" and "it would be imprudent for this Court to decline jurisdiction in favor of a resolution of the validity of a United States patent in a foreign jurisdiction," as United States patent law operates "only domestically." (*Id*. at 12, 13).  The Report stated that "sound judicial administration counsel[ed] against dismissing the claims at this late stage."  (*Id*. at 12).

The Report also stated that United States patent law only functioned domestically.  As such, a patentee is only protected against infringement in the United States.  (*Id*. at 12, internal citations and quotations omitted).  Despite this finding, however, the Report relied on the Dubai Litigation to somehow establish continuous jurisdiction in the United States, even in the presence of a final Judgment of noninfringement extinguishing and preventing any possible future claim for existing acts or products.  (*Id*. at 10-11).

The Report concluded by recommending that this Court deny Dr. Bahattab's motion to dismiss.  (*Id*. at 13).

## IV.   THE JUDGMENT OF NONINFRINGEMENT EXTINGUISHED ANY CASE OR CONTROVERSY THAT MAY HAVE EXISTED BETWEEN THE PARTIES.

The burden is on Juniper USA to establish continued subject matter jurisdiction for this action now that it has obtained a final Judgment of noninfringement.  *See MedImmune,* 549 U.S. at 127; *Benitec*, 495 F.3d at 1344-45.  It has failed to do so, for Juniper USA cannot demonstrate that there is an "underlying legal cause of action" that Dr. Bahattab can bring against Juniper USA in the United States – a pre-requisite to demonstrating a justiciable case or controversy – because Juniper USA already has a final Judgment of noninfringement.  *See Microchip*, 441 F.3d at 943; *Ring & Pinion Serv. v. Regal-Beloit*, No. C09-0329RAJ, slip op. at 4 (W.D. Wash. June 30, 2009) (lack of a *current* claim of infringement destroys case or controversy).  *See also*

10

*Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1338 (Fed. Cir. 2008) (stating that a real and immediate controversy is required for subject matter jurisdiction).  Indeed, Dr. Bahattab did not counterclaim for infringement in this case and did not oppose Juniper USA's motion for summary judgment as to noninfringement, thus demonstrating that there is no controversy.

Nevertheless, Juniper USA wants this Court to declare the '457 patent invalid and unenforceable, even though Juniper USA is unable to show what consequences, if any, will flow from such a determination.  *MedImmune* requires that real monetary consequences will directly flow between the parties as a result of the case.  *MedImmune*, 549 U.S. at 135.  Although the patent owner in *MedImmune* was unable to sue for infringement because MedImmune was a licensee in good standing, the Supreme Court took pains to point out that the resolution of the infringement and invalidity claims there at issue would have enormous consequences on the financial obligations of the parties.  For example, a finding of noninfringement meant that MedImmune would owe no royalties under the license for the product in dispute.  *Id*.  Here, however, no such financial consequences to Juniper USA will flow from the judgment that it seeks.  To be sure, Juniper is not able to point to any financial consequences that will result from this Court ruling on invalidity.  Therefore, no case or controversy exists because Dr. Bahattab is prevented from suing for infringement and no monetary consequences will flow from the requested judgment.

Although dismissal for lack of subject matter jurisdiction in this case follows *a fortiori* from the Federal Circuit's jurisprudence, s*ee, e.g.*, *Benitec*, 495 F.3d at 1347-48; *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059 (Fed. Cir. 1995), Juniper USA attempts to escape dismissal by relying on the Dubai Litigation against a *different* corporate entity.  Juniper USA is not even a party to the Dubai Litigation.  In addition, the Declaratory

Judgment Act provides that "[i]n a case of actual controversy *within its jurisdiction* . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a) (2006) (emphasis added).  *See also Ragoni v. United States*, 424 F.2d 261, 264 (3d Cir. 1970) ("The Declaratory Judgment Statute, 28 U.S.C. § 2201, is limited in operation to those cases which would otherwise be within the jurisdiction of the federal courts; the mere fact that a declaratory judgment is being sought is not, of itself, ground for federal jurisdiction.").  Additionally, both Juniper USA and the Report say the Dubai Court has no authority to decide issues related to the '457 patent.  Thus, without any threat of an infringement suit by Dr. Bahattab against Juniper USA in the United States or proof of any concrete stake in the outcome of this proceeding, this Court lacks subject matter jurisdiction to grant declaratory relief.  *See Prasco*, 537 F. 3d at 1338.

Juniper USA and the Report concede that the final Judgment of noninfringement protects Juniper from future suits in the United States.  (Report at 11).  In fact, the final Judgment in this case affords even more protection than a covenant not to sue because the unopposed entry of final Judgment is binding on Dr. Bahattab.  (Docket No. 97 at 2, n.6).  Nonetheless, both Juniper USA and the Report attempt to distinguish the compelling authority of the covenant not to sue cases by relying on the Dubai Litigation and counterclaim cases.  (Report at 10-11, Docket No. 128 at 5).  Juniper USA contends that the Dubai Litigation is the opposite of a covenant not to sue, and argues that a verdict of noninfringement does not divest this Court of jurisdiction "over a counterclaim."  (Docket No. 128 at 5).  Similarly, the Report found that Dr. Bahattab cannot rely on the covenant not to sue cases while maintaining the Dubai Litigation, which had "the same effect on jurisdiction" as it would if it was filed in the United States, thereby making Juniper USA's declaratory judgment action in the United States "analogous to" Juniper USA

12

filing counterclaims in the Dubai Litigation.  (Report at 8, 10, 11).  However, the Dubai Litigation is a nullity according to Juniper USA and the Report and therefore cannot satisfy Juniper USA's burden to show that subject matter jurisdiction has continued beyond the entry of final Judgment of noninfringement.

Juniper USA and the Report both recognized the irrelevance of the Dubai proceeding in determining jurisdiction in this case.  Juniper USA argued that  "the United Arab Emirates court does not have the jurisdiction to decide issues relating to a United States patent," (Docket No. 128 at 8-9), while the Report stated that "United States Patent law is intended to operate only domestically" (Report at 12, 13, internal citations omitted).  Therefore, if Juniper USA and the Report are correct on this point of law, then Dr. Bahattab has not asserted any rights in the Dubai Litigation, Juniper USA would have no basis to file "counterclaims" in this Court, and there is no controversy to be resolved by this Court.  In short, if this Court agrees that the Dubai Court of First Instance does not have jurisdiction, it cannot rely upon the Dubai Litigation to demonstrate the existence of a "case or controversy" in this Court.  In any event, had Dr. Bahattab intended to sue Juniper USA for infringement of the '457 patent, he would have brought suit in the United States.  He did not, he has not, and he is now precluded from doing so.

Thus, Juniper USA and the Report have not distinguished the compelling authority of the covenant not to sue cases, which find that a case or controversy is extinguished when the patent holder provides a covenant not to sue to the alleged infringer.  *See, e.g.*, *Revolution Eyewear,* 556 F.3d at 1299-1300 (citing several district court cases finding no case or controversy where a covenant covered current products, irrespective of whether such products were produced or sold before or after the covenant was given); *Benitec*, 495 F.3d at 1344 ("[a] useful question to ask in determining whether an actual controversy exists is what, if any, cause of action the declaratory

13

judgment defendant may have against the declaratory judgment plaintiff."); *Super Sack*, 57 F.3d at 1059 (affirming the grant of the patentee's motion to dismiss the declaratory judgment claims based on a statement of counsel for the patent holder in motion papers and briefs promising not to assert an infringement claim, reasoning that the patentee was bound "both now and in the future, by its promise not to sue"); *Crossbow Tech., Inc. v. YH Tech.*, 531 F. Supp. 2d 1117, 1122 (N.D. Cal. 2007) (no controversy where the covenant not to sue extended to certain products "as they exist today or have existed in the past"); *True Center Gate Leasing, Inc. v. Sonoran Gate, L.L.C.*, 402 F. Supp. 2d 1093, 1097 (D. Ariz. 2005) (finding no jurisdiction because the covenant not to sue extended to all products in existence on the day of the covenant, even if such products were produced and sold afterwards); *CIVCO Med. Instruments Co. v. Protek Med. Prods.*, 231 F.R.D. 555, 557 n. 2 (S.D. Iowa 2005) (no controversy where patentee covenanted not to sue "for infringement as to any claims of the '889 and '499 patents based upon Protek's DirectorTM needle guide in its current form."); *Samsung Elecs. Co. v. Rambus, Inc.*, 398 F. Supp. 2d 470, 474 (E.D. Va. 2005) (finding no jurisdiction because the covenant not to sue covered "any and all methods, processes, and products made, used, offered for sale, sold, or imported by Samsung currently or at any time prior to the date of this covenant," which the district court concluded covered future acts involving the existing products); *Level 1 Techs., Inc. v. C.R. Bard, Inc.*, 839 F. Supp. 90, 91-92 (D. Mass. 1994) (dismissing the complaint based on a covenant not to sue "for the making, using, or selling of any existing Level 1 product based on that patent," because "[f]uture, theoretical possibilities of infringement are insufficient grounds for jurisdiction").

Hence, this Court should find that where there is a declaratory judgment action brought for noninfringement of a United States patent that is also the subject of a first-filed and ongoing foreign infringement action brought by the patent holder against a different corporate entity, and

14

where there has been an uncontested final Judgment of noninfringement but there remains other

undecided claims, the entry of final judgment of noninfringement divests the district court of

subject matter jurisdiction.  (Report at 10).

## V.   THIS COURT SHOULD EXERCISE ITS DISCRETION TO DISMISS THE ACTION BECAUSE IT IS A WASTE OF THIS COURT'S VALUABLE RESOURCES TO RESOLVE A NON- EXISTENT DISPUTE.

This Court can exercise its discretion to dismiss the case, without even resolving subject

matter jurisdiction.  *Cat Tech*, 528 F.3d at 883.  While the Report was not in favor of this Court

exercising its discretion because of the stage of the action and the alleged lack of jurisdiction in

Dubai, it is clear that to proceed to trial over whether the '457 patent is invalid is a waste of this

Court's time and resources, as there is no dispute for the Court to resolve.  (Report at 12, 13).

Although Dr. Bahattab is certainly cognizant of the time devoted by the Court to this proceeding

to date, substantial additional time and expenditure of additional resources by this Court and the

parties will be required to litigate remaining issues and conduct a jury trial.  Indeed, the time for

dismissal is particularly ripe given the cross-motions for summary judgment that Judge Kay

recently resolved, as virtually no time has been expended by this Court on the remaining

invalidity issue.  The future time that will be required to resolve the remaining invalidity issue

will be even more substantial than the time expended thus far on this action.  Thus, judicial

economy favors discretionary dismissal.

Other courts have exercised their discretion to dismiss cases under the Declaratory

Judgment Act even long after the complaint was filed, when subsequent events favored

dismissal.  For example, in *Phonometrics*, where the defendants were sued for infringement and

counterclaimed that the patent was invalid and unenforceable, the court granted summary

15

judgment of noninfringement and then in its discretion dismissed the counterclaims despite three

years having elapsed since the complaint was filed.  *Phonometrics, Inc. v. Northern Telecom,*

*Inc.*, 133 F.3d 1459, 1461 (Fed. Cir. 1998).  Similarly, in *Nestier Corp. v Menasha Corp.-*

*Lewisystems Div.*, 739 F.2d 1576 (Fed. Cir. 1984), the defendant was sued for infringement and

counterclaimed for patent invalidity.  The jury found that the patent was not invalid and that

there was no infringement.  Because the finding of noninfringement militated in favor of

dismissal of the action for invalidity, the judge disregarded the findings of the jury related to

invalidity and entered judgment only on the issue of noninfringement.  *Nestier*, 739 F. 2d at

1578.

Here, Dr. Bahattab never charged Juniper USA with infringement in this case.  Moreover,

because a final Judgment of noninfringement has been entered in its favor, Juniper USA cannot

show that it has any remaining stake in the outcome of this proceeding.  It does not point to any

financial or other direct benefit that will flow to it by showing that the '457 patent is invalid or

unenforceable.  Rather, it seeks to divert this Court's time and resources on purely advisory

opinions including whether the '457 patent is invalid for failure to satisfy the provisions of

sections 102 and 103 of Title 35 of the United States Code based on pure speculation that if it

succeeds in this case those Orders might somehow be useful to Juniper USA outside the United

States.  (Docket No. 128 at 7).  Even if true, this would not be an appropriate use of this Court's

jurisdiction or the Declaratory Judgment Act.  And Juniper USA's speculation is belied by

Juniper USA's argument that "[t]here is no statutory framework or common law doctrine upon

which the parties may rely to predict how and even if the court [in Dubai] will evaluate the

validity and enforceability of Bahattab's United States patent."  (*Id*. at 9).  Neither party knows

what the Dubai Court will do or when it will do it.  Indeed, the entry of final Judgment of

noninfringement in this case served "no useful purpose," as it neither disposed of a claim for

infringement of the '457 patent (because Dr. Bahattab did not bring one), nor did it dispose of

the Dubai case that has continued unabated. *See Wilton*, 515 U.S. at 288 (noting that courts

should exercise their discretion to dismiss an action under the declaratory judgment act if relief

"will serve no useful purpose").

      Yet the Report also stated that this Court should not defer to the first-filed action because

United States patent law only functions domestically.  (Report at 12, internal citations and

quotations omitted).  If that is correct, then this Court cannot and should not let the Dubai

Litigation be the reason for finding continued jurisdiction in this case.  Moreover, while the

Report is based on the assumption that this Court can impact the Dubai Litigation, it is clear that

its prior Judgment has not impeded the Dubai action thus far and there is no evidence that future

Judgments will alter the course of that litigation.  It is therefore "imprudent" to exercise

jurisdiction in the face of the first-filed Dubai Litigation.  (Report at 13).  Juniper USA has not

provided any evidence that would indicate that this Case will impact the Dubai Litigation, nor

has it provided any proof about what it claims is transpiring in Dubai.  Juniper USA is using this

Court as a stalking horse to possibly obtain an advantage in Dubai, forcing Dr. Bahattab to

defend himself.

      Furthermore, the international comity principle gives rise to the doctrine of "international

abstention," which advises this Court to abstain from hearing an action if there is a first-filed

foreign proceeding elsewhere.  *Supermicro Computer Inc. v. Digitechnic, S.A.*, 145 F. Supp. 2d

1147, 1149 (N.D. Cal. 2001).  *See also Termorio S.A. v. Electrificadora del Atlantico S.A.*, 421

F. Supp. 2d 87, 99 (D.D.C. 2006) (recognizing the "strong policy preference for favoring the

first-filed suit, including in the international context"); *Brinco Mining Ltd. v. Fed. Ins. Co.*, 552

F. Supp. 1233, 1242 (D.D.C. 1982) (dismissing a case where the first-filed suit was in Canada).

For these reasons, this Court should not perpetuate this case any longer.

**VI.     CONCLUSION**

Dr. Bahattab objects to sections III (A)(2) and III (B) of Judge Kay's August 14, 2009 Report and Recommendation.  (Docket No. 133).  This Court should dismiss the case at this stage because Dr. Bahattab never alleged that Juniper USA infringed the '457 patent, Juniper USA sued Dr. Bahattab for a declaration of noninfringement, the Court has confirmed that Juniper USA does not infringe, and any further proceedings would only result in a costly advisory opinion of speculative value.  For these reasons, Dr. Bahattab asks that the Court reject sections III (A)(2) and III (B) of Judge Kay's August 14, 2009 findings and recommendations denying Dr. Bahattab's motion to dismiss Juniper USA's Amended Complaint and dismiss this action in its discretion or as a matter of law.


Date:  August 28, 2009                    Respectfully submitted,

                                          DEWEY & LEBOEUF, LLP
                                          1101 New York Avenue, N.W.
                                          Washington, D.C. 20005-4213
                                          jschwartz@dl.com
                                          Tel: 202-346-7822
                                          Fax: 202-299-1333

                                          By:      /s/ Jeff E. Schwartz
                                          Jeff E. Schwartz (DC Bar No. 442804)

                                          Henry W. Asbill (DC Bar No. 938811)
                                          DEWEY & LEBOEUF, LLP
                                          1101 New York Avenue, N.W.
                                          Washington, D.C. 20005-4213
                                          hasbill@dl.com
                                          Tel: 202-346-8141
                                          Fax: 202- 956-3263

                                          *Attorneys for Defendant Dr. Bahattab*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JUNIPER NETWORKS, INC.,

      Plaintiff,

                                    Case No.: 1:07-cv-01771-PLF-AK

ABDULLAH ALI BAHATTAB,

      Defendant.

_____/

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 28, 2009, I electronically filed the foregoing document with the Clerk of the Court and served the same on all counsel of record via the Court's CM/ECF system.

Date:  August 28, 2009                    Respectfully submitted,

                                        /s/ Jeff E. Schwartz
                                        Jeff E. Schwartz (DC Bar No. 442804)
                                        DEWEY & LEBOEUF, LLP
                                        1101 New York Avenue, N.W.
                                        Washington, D.C. 20005-4213
                                        jschwartz@dl.com
                                        Tel: 202-346-7833
                                        Fax: 202-299-1333

1